UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Eugene D'Angelo | : | 3:02CV1313(SRU) |
| v. | : | |
| Kenneth Kirschner, et al | : | May 4, 2004 |

## ANSWER AND AFFIRMATIVE DEFENSES

The defendants in the above-captioned matter hereby respond to the plaintiff's complaint dated July 2, 2002, in correspondingly numbered paragraphs:

1-3.    The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

4.    The defendant Kirschner admits that he is a resident of the State of Connecticut and that at some times relevant to this matter he was employed by the Connecticut Department of Public Safety as Commissioner of the Division of the State Police and that he is being sued in his individual and official capacities. Per this Court's order dated August 6, 2002, the defendant neither admits nor denies the remainder of the allegations contained in this paragraph.

5.    The defendant Covello admits that he is a resident of the State of Connecticut and that at some times relevant to this matter he was employed by the Connecticut Department of Public Safety as a captain of the Division of the State Police and that he is being sued in his individual and official capacities. Per this Court's order dated August 6, 2002, the defendant neither admits nor denies the remainder of the allegations contained in this paragraph.

6.    The defendant Kasche admits that he is a resident of the State of Connecticut and that at some times relevant to this matter he was employed by the Connecticut Department of

Public Safety as a lieutenant of the Division of the State Police and that he is being sued in his individual and official capacities.  Per this Court's order dated August 6, 2002, the defendant neither admits nor denies the remainder of the allegations contained in this paragraph.

7. The defendant Russell admits that he is a resident of the State of Connecticut and that at some times relevant to this matter he was employed by the Connecticut Department of Public Safety as a lieutenant of the Division of the State Police and that he is being sued in his individual and official capacities.  Per this Court's order dated August 6, 2002, the defendant neither admits nor denies the remainder of the allegations contained in this paragraph.

8. The defendant Mannion admits that he is a resident of the State of Connecticut and that at some times relevant to this matter he was employed by the Connecticut Department of Public Safety as a lieutenant of the Division of the State Police and that he is being sued in his individual and official capacities.  Per this Court's order dated August 6, 2002, the defendant neither admits nor denies the remainder of the allegations contained in this paragraph.

9. The defendant McGuire admits that he is a resident of the State of Connecticut and that at some times relevant to this matter he was employed by the Connecticut Department of Public Safety as a Commissioner of the Division of the State Police and that he is being sued in his individual and official capacities.  Per this Court's order dated August 6, 2002, the defendant neither admits nor denies the remainder of the allegations contained in this paragraph.

10. The defendants admit that at some points relevant to this complaint, the plaintiff was employed as a Trooper First Class with the Connecticut State Police, a Division of the Connecticut Department of Public Safety.

11. The defendants deny that at all times referred to in the complaint, the plaintiff was responsible for administering the day-to-day operations (but not management) of the Northstar Program ("Northstar"). As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

12. The defendants deny the allegation that, "Though the plaintiff was responsible for administering the day to day operations of Northstar, he had no authority or responsibility for the implementation of any procedures or controls regarding the program, and in fact, had to perform his responsibilities in the best manner possible given the limitations resulting from the deficiencies of Northstar's administration and management." As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

13. Denied.

14. The defendants admit that sometime prior to January 1997, it came to the attention of the defendant Kirschner that Trooper First Class Richard Binkowski, a Trooper employed by the Division of State Police, had been overheard criticizing the plaintiff's administration of Northstar. The remaining allegations in this paragraph are denied.

15-18. Denied.

19-20. Admitted.

21-22. Denied.

23. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

24. Denied.

25. As the defendants have in large part denied undertaking the actions described in the above paragraph, they are unable to admit or deny the allegation contained in this paragraph.

26-34. Denied.

Fourth Claim:

28-29. Denied.

Fifth Claim

28-29. Denied.

Sixth Claim

28-30. Denied.

Seventh Claim.

28-33.

Eighth Claim.

28.-29.

Denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiff has failed to mitigate his damages.

**THIRD AFFIRMATIVE DEFENSE**

The plaintiff has filed his claim(s) beyond the period allowed by law at one or more stage of the proceedings underlying this action and/or in this action.

**FOURTH AFFIRMATIVE DEFENSE**

The defendants did not have sufficient personal involvement to be held liable for the actions alleged in plaintiff's complaint.

**FIFTH AFFIRMATIVE DEFENSE**

At all times mentioned in this lawsuit, the defendants sued in their individual capacity acted within the scope of their official duties as employees of the State of Connecticut and acted with a good faith belief that their actions were lawful and therefore they are entitled to qualified immunity.

**SIXTH AFFIRMATIVE DEFENSE**

This action is against the State of Connecticut and the defendants in their official capacity is barred by the Eleventh Amendment.

**SEVENTH AFFIRMATIVE DEFENSE**

This as against the State of Connecticut and the defendants in their official capacity is barred by the doctrine of sovereign immunity.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's claims against the defendants are barred by Conn. Gen. Stat. § 4-165.

**NINTH AFFIRMATIVE DEFENSE**

This Court should decline to exercise its supplemental jurisdiction over the plaintiff's state law claims.

**TENTH AFFIRMATIVE DEFENSE**

This action is barred by the prior pending action doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to exhaust his administrative remedies.

 

DEFENDANTS
Kirschner, et al

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:   _/s/_____
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct08575
lynn.wittenbrink@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of May 2004:

Jon Golas
Golas, Golas & Golas, P.C.
Suite 306
945 Main St.
Manchester, CT
06040

                                                                                                                                                                  /s/_____
                                                                                                                                                                  Lynn D. Wittenbrink
                                                                                                                                                                  Assistant Attorney General