UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUGENE D'ANGELO | : | CIVIL NO. |
| | | 3:02CV1313(SRU) |
| v. | : | |
| KENNETH KIRSCHNER, ET AL | : | NOVEMBER 3, 2004 |

### DEFENDANTS' OBJECTION TO MOTION TO COMPEL

The defendants in the above-captioned matter object to the plaintiff's Motion to Compel dated October 28, 2004.  The defendants note that their responses to the plaintiff's vague and general Interrogatories were more than adequate given the materials that have been made available to counsel for the plaintiff as well as the itemized list and description to each box provided to plaintiff's counsel over a year ago and again provided when counsel came to view the material.  Indeed, it is defendants' position that the specific list provided to the plaintiff as well as the materials themselves, all of which have been made available to the plaintiff, more than fully comply with the Federal Rules of Civil Procedure.  In addition, defendants submit that plaintiff's motion is not made after any good faith effort to resolve or narrow differences, and thus is insufficient under the rules.

**I.     Facts:**

      **A.     Specific Material and Material Guide Provided to Plaintiff**

In the first half of 2003, counsel for the plaintiff requested informal discovery from the undersigned counsel pursuant to Rule 26(f).  **Ex. A, Aff. LDW.**  In response, the undersigned counsel sent plaintiff's counsel a letter on May 28, 2003, describing material relevant to this case and available to plaintiff's counsel in the following manner:

    (1)    Transcripts of interviews conducted with Eugene D'Angelo and other witnesses in the course of the Internal Affairs investigation;

    (2)    Copies of police reports;

    (3)    Internal Department of Public Safety ("DPS") memoranda regarding the Northstar Program;

    (4)    Written communications between the federal government and DPS regarding the Northstar Program;

    (5)    Inventory slips related to property;

    (6)    Communications related to the investigation of D'Angelo;

    (7)    Special Audit Report of the Northstar Program;

    (8)    Correspondence between John Bailey from Edward Marcus;

    (9)    Correspondence between DPS officials and attorney(s) for D'Angelo; and,

    (10)    Applications for arrest and search warrants.

See attached letter to Golas, May 28, 2003.[1]

Two weeks later, the undersigned counsel sent an even more detailed analysis of available documents. See attached letter dated June 10, 2003, with attached "D'Angelo Box Inventory." This letter refers to the previous description of relevant material in the May 28, 2003 letter. The "Box Inventory" is a two-page, single-spaced description by type of all of the unprivileged material relevant to this matter. The material is still labeled as to the original box it came from and is accessible in this manner. **Ex. A.**

---

[1] This is a copy of the letter from the undersigned counsel's computer files, as a hard copy could not be located.

Defendants gave the plaintiff a choice of how he would like access to this material, which covers an entire table at the office of the undersigned counsel. **Ex. B Aff. NP;** letter dated September 23, 2004. Plaintiff's counsel was given the choice of having the material copied at Kinkos, or coming to the Office of the Attorney General to view and copy the material at the office. September 23, 2004 letter. At the time of this viewing, Attorney Parille offered the "Box Inventory" to Attorney Golas, who responded by stating that he already had it. **Ex. B.**

Counsel for the plaintiff came and had access to the material that was inventoried, and chose to photocopy a small portion of it. **Ex. A.** This material was copied and provided to the plaintiff at no charge by defendants. See letter dated October 5, 2004; **Ex. A.**

### B. Plaintiff's Interrogatories

Plaintiff issued extremely general Interrogatories to the 6 defendants in this matter. For example, one of the Interrogatories plaintiff seeks to dispute is:

> Identify every person known to you who either witnessed the incident(s) which is the subject of the complaint or who possesses personal knowledge of such events which may be relevant to any of the issues raised in the complaint, or who may be called as a witness at trial.

Interrogatory No. 2

The plaintiff also inquires as to witness statements (No. 3), and disputes the defendants' response to Interrogatory No. 5, seeking:

> If you, your Attorney, or any other representative has any written reports, records, office memorandums, internal investigation reports, photographs, drawings, charts, diagrams, maps, models, tape recordings, videotapes or other tangible evidence relating to the incident alleged in the complaint, describe each such item and identify any person(s) who have custody or control of the material referred to above, specifically describing which of the materials each such person possesses.

From what defendants can glean, not from plaintiff's brief Motion to Compel but from the letter from plaintiff's counsel, plaintiff also seeks a different answer to his Int. No. 7, "Identify each person who was involved in the investigation and arrest of Eugene D'Angelo which is the subject of this lawsuit."

### C.      Defendants' Responses

As to all of these requests, defendants referred the plaintiff to the plethora of material that had already been made available to him along with an index/guide and descriptions. In order to provide more specific responses, defendants would have had to comb through the material equally available to the plaintiff for names and more specific descriptions. For example, the documents, pictures and other material in existence regarding this matter were made available to counsel for the plaintiff, who chose not to copy the majority of them. Rather, plaintiff seeks that defendants "specifically describe" each photo or document. Int. No. 5. This is something plaintiff can do as easily as the defendants, and is not knowledge specially known or accessible to defendants. The same is true of names of potential witnesses. Given the breadth of the material in this matter, any potential witness not obvious to both parties could only be gleaned from going page by page through the plethora of pages available to both sides examining the pages for names.

### D.      Plaintiff's Insufficient Efforts at Conference

In response to defendants' efforts to comply, plaintiff sent a letter requesting supplemental material. See letter dated October 7, 2004, previously provided by plaintiff. The letter provided only one reason why the responses were considered inadequate:

> Product materials, as you know, are not filed with the Court, which sometimes leads to questions concerning what was produced at the time of trial. I would like

4

>    your clients to specifically list their responses to the Interrogatories in the space
>    provided.  This will avoid any problem regarding what was disclosed if the
>    disclosure should happen to be questioned at the trial of this matter.
>       If responsive answers are not supplemented by all of the defendants in this
>    matter I will have to seek a court order.

October 7, 2004 letter by Golas.

The undersigned counsel responded as follows, "I refer your attention to Federal Rules of Civil Procedure 33(d).  My reading of this rule is that my clients' responses to the plaintiff's Interrogatories are perfectly adequate.  I am happy to consider any authority to the contrary."  October 8, 2004 letter, attached.

Rather than attempt to speak or further correspond with undersigned counsel, plaintiff filed his motion.

    **II.**    <u>**Argument**</u>**:**

        **A.**    **Rule 33(d)**

Rule 33(d) states:

>    **(d)**    **Option to Produce Business Records**.  Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory  to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory  reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.  A specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained.

The defendants respectfully submit that the material available to the plaintiff, as well as the abstract or summary detailing in which "box"[2] different material is located in, is exactly the type of responses permitted by Rule 33(d), indeed, one is hard-pressed to imagine a scenario more ideally suited to a Rule 33(d) response. This is especially the case given the broad and generic Interrogatories submitted by the plaintiff, which include a request that all of those items be described and that names of potential witness contained within the documents be culled. Counsel for the plaintiff could, just as easily as counsel for the defendants, go through the various material, describing it and culling names from it. The specification found in the Box Inventory, which lists such things as witness statements and Internal Affairs documents, investigation reports, would make it just as easy for one party as for another to describe the contents and to find names of potential witnesses contained therein.

### B.     Lack of Good Faith Conference

As of the date of this writing, the undersigned counsel has no clear idea of what the plaintiff is looking for or how the requests are inadequate other than plaintiff's speculation about issues at trial regarding what has or has not been produced.[3] The plaintiff never responded to defendants' request for authority as to why or how their response was allegedly inadequate. This figment of logic does not constitute a good faith effort to resolve differences pursuant to Rule 37(a)(2) prior to invoking this Court's time as referee. It is important to note that the plaintiff does make any claim in his Motion to Compel that there is any reason he might not be able to go

---

[2]     The original "boxes" have been placed into larger boxes, but retain the label of the original box in order that they are accessible. **Ex. A** . Each "box" as described in the "box inventory" is contains material no more than 4-5 inches high. **Ex. A.**

[3]     Counsel notes that, as the Court is no doubt aware and experienced in, there are numerous ways to avoid any such potential confusion at trial.

through the available material and obtain the information he claims to seek. Nor does he even articulate for the Court a basis for the granting of his motion. Rather, plaintiff confidently asserts that his motion should be granted.

Moreover, plaintiff has not provided to the undersigned counsel or even to this Court any sound reason why the production of the materials with the rather descriptive inventory is insufficient in this case given the broad and generic Interrogatories plaintiff has propounded.

The defendants respectfully oppose the plaintiff's Motion to Compel.

DEFENDANTS
Kenneth Kirschner, et al

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:    /s/
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct08575
lynn.wittenbrink@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed to the following on this 3d day of November, 2004:

Jon Golas, Esq.
Golas, Golas, & Golas
945 Main Street
Manchester, CT  06040

                                                                                          /s/_____
                                                                                         Lynn D. Wittenbrink
                                                                                         Assistant Attorney General