*Tel: (860) 808-5450*
*Fax: (860) 808-5591*

May 28, 2003

Jon D. Golas, Esq.
Golas, Golas & Golas, PC
945 Main Street, Suite 306
Manchester, CT  06040

Re:  **D'Angelo vs. Kirschner, et al.**
     No. 3:02CV1313(SRU)

Dear Attorney Golas:

I am in receipt of your letter dated May 23, 2003.  I note that I have not received any of the plaintiff's Initial Disclosures.

I further note that Rule 26(a)(1) does not require "production" as you have requested.  It requires that the defendants provide names and information regarding witnesses.  It also requires "a copy of, or a description by category and location of, all documents, data, compilations, and tangible things" responsive to the rule.  It is especially difficult to identify witnesses in the absence of a disclosure by the plaintiff, who will bear the burden of proof at trial, when the defendants witnesses will be presented to rebut the plaintiff's evidence.

Please be advised that based on the information reasonably available at this time, other than the defendants, I am unable to determine which persons are required to be disclosed pursuant to Rule 26(a)(1)(A).

I am in the process of attempting to identify by category and description documents and/or other items responsive to Rule 26(a)(1)(B), and will provide you a description as soon as possible.  So far, I can inform you of the following documents:

(1)  Transcripts of interviews conducted with Eugene D'Angelo and other witnesses in the course of the Internal Affairs investigation;

(2)  Copies of police reports;

(3)  Internal Department of Public Safety ("DPS") memoranda regarding the Northstar Program;

Jon D. Golas, Esq.
May 28, 2003
Page 2

      (4)      Written communications between the federal government and DPS regarding the Northstar Program;

      (5)      Inventory slips related to property;

      (6)      Communications related to the investigation of D'Angelo;

      (7)      Special Audit Report of the Northstar Program;

      (8)      Correspondence between John Bailey from Edward Marcus;

      (9)      Correspondence between DPS officials and attorney(s) for D'Angelo; and,

      (10)     Applications for arrest and search warrants.

As I continue, amid the press of other matters, to categorize and describe documents, I will apprise you.

I look forward to hearing from you in the near future.

                                      Very truly yours,

                                      Lynn D. Wittenbrink
                                      Assistant Attorney General

LDW:lac