UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Eugene D'Angelo | : | CIVIL NO. |
| | | 3:02CV1313(SRU) |
| v. | : | |
| Kenneth Kirschner, et al | : | November 5, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND ANSWER TO ADD AFFIRMATIVE DEFENSE

Pursuant to Federal Rule of Civil Procedure 15, the defendants in the above-entitled action hereby move this court for permission to amend the defendant's answer dated May 4, 2004 to include the affirmative defense of accord, satisfaction and release. In support of this motion the defendants represent that there is no prejudice to the plaintiff as discovery is not complete and the plaintiff has yet to depose any of the six defendants.

The plaintiff in this matter, a former state police trooper, has sued six former members of the Connecticut State Police. He alleges that he was arrested on May 25, 1997, for various violations including but not limited to soliciting and receiving bribes. Compl. ¶ 19. The plaintiff alleges that the arrest warrant Affidavit contained false, misleading and inaccurate statements. Compl. ¶ 21.

The complaint further alleges that on July 15, 1999, over two years after the plaintiff was arrested, the charges against the plaintiff were dismissed. Compl. ¶ 23. The plaintiff alleges that he was subject to false arrest, malicious prosecution, illegal search and seizure, conspiracy, equal protection violations, and substantive due process violations under the United States

Constitution, as well as intentional infliction of emotional distress, "willful, wanton and reckless behavior", slander and/or libel, invasion of privacy, and "maliciously prosecution". See Complaint. The plaintiff does not bring a cause of action for wrongful termination from his employment.

The plaintiff alleges the following damages in his complaint:

a. expenses for Attorneys fees and fees for other professional service and assistance in defending against [t]he criminal charges referred to above:
b. **loss of his position with the Connecticut State Police, which included, but is not limited to, lost wages, lost health benefits and lost retirement benefits;**
c. medical expenses to treat physical and emotional symptoms and conditions resulting from his arrest and prosecution;
d. travel expenses to and from Court and meetings with counsel and other parties assisting in the defense of the criminal charges against him;
e. pain and suffering and emotional distress; and,
f. loss of reputation.

Compl. ¶ 28 (emphasis added).

In preparing for this matter in the last week, the undersigned counsel has noted the existence of a "Stipulated Agreement" attached hereto, in which the plaintiff voluntarily resigned from the Connecticut State Police and explicitly "waive[d] his right to file an and all civil or administrative claims" related to the matter of his employment. The Agreement specifically referred to Internal Affairs investigation 97-005, the same investigation that is the subject of plaintiff's complaint. Obviously, the plaintiff would have had this document in his possession. The plaintiff was represented by counsel at the time he signed the Stipulated Agreement, with Attorney John Williams' signature appearing thereon. This document provides a good faith basis for Affirmative Defense of Accord, Satisfaction and Release.

Defendants only recently filed their Answer and Affirmative Defenses in May of this year. No prejudice or surprise would inure to the plaintiff should defendants be permitted to amend as the plaintiff was certainly aware of this agreement, and as he does not expressly include a lost employment claim in his complaint despite the fact that he claims loss of position as damages.

The undersigned counsel can assure the Court that no bad faith was involved as she only just came across this document in going through the several boxes of documents in this matter as the matter became more active in the recent past. See Affidavit Lynn D. Wittenbrink.

**Argument:**

1. Amendment Generally

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading when given leave of the court. Whether leave to amend the complaint should be granted is within the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). However, because of Rule 15(a)'s stricture that "leave shall be freely given when justice so requires," refusal to allow an amendment must be based on a valid ground. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kaster v. Modification Systems, Inc.,* 731 F.2d 1014, 1018 (2d Cir. 1984). As long as a party has "at least colorable grounds for relief, justice does ... require" leave to amend. *Id.*, citing, *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Development Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).

Analysis of any motion to amend starts with the Supreme Court's decision in *Foman v. Davis*. The Supreme Court held in *Foman*:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim *on the merits*. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. –the leave sought should, as the rules require, be "freely given."

371 U.S. at 182 (emphasis added); *accord Saks v. Franklin Covey Co.,* 316 F.3d 337, 350 (2d Cir. 2003); *Monohan v. New York City Dep't. of Corr.,* 214 F.3d 275, 285 (2d Cir.), *cert. denied*, 531 U.S. (2000).

The rule in this Circuit and elsewhere is to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir. 1993); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). In determining what constitutes "prejudice," the Court is to consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. *Block,* supra, 988 F.2d at 350. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id.*

No prejudice results from this amendment. First, the plaintiff was previously aware of his own agreement and nonetheless sought to seek damages for the loss of his employment in

4

this and another lawsuit.[1]  The written discovery propounded by plaintiff was issued before defendants' answer was filed, so the written discovery would have been no different had the additional Affirmative Defense been included when the original answer was filed.  The plaintiff has not yet commenced depositions of the defendants, so there is no prejudice in that regard.  Nor does this proposed amendment delay the resolution of this dispute in any way as this is not a highly factual defense but one likely to be resolved by legal argument.  Nor does this proposed amendment prevent the plaintiff from bringing a timely action in another jurisdiction as the plaintiff already has an action for the same damages pending in state court and is unlikely to bring an action for the same damages in a third jurisdiction.

In addition, while the delay in pleading this Affirmative Defense is unfortunate, it is not on the outer edges of delay noted by courts granting motions to amend.  *See, e.g., Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230, 234-35 (2d Cir. 1995) (affirming granting of permission to amend despite 4 year delay);  *Stephenson v. Dunford,* 320 F. Supp.2d 44, 48 (W.D.N.Y. 2004) (21 month delay in pleading Affirmative Defense).

    2.    <u>Amendment to Plead Special Defense of Accord and Satisfaction</u>

The Second Circuit has held that the defense of accord and satisfaction "may be raised for the first time on summary judgment … especially where the opponent is not prejudiced by the surprise." *Supply & Building Co. v. Estee Lauder International, Inc.,* 1999 U.S. Dist. LEXIS

---

[1] See defendants Motion to Dismiss and attachments, including state law action for identical damages.

5

3978 n. 6 (S.D.N.Y. 1999), *citing May Department Stores Co. v. International Leasing Corp., Inc.,* 1 F.3d 138 (2d Cir. 1993). This is sensible as "one of the main reasons for the rule stated in Fed. R. Civ. P. 8(c) is to avoid surprise to the plaintiff"[2], and a plaintiff would typically not be surprised by this defense.

Wherefore, the defendants respectfully request leave to amend their Affirmative Defenses to include the defense of Accord, Satisfaction & Release.

```
                                    DEFENDANTS
                                    Kenneth Kirschner, et al
                                    RICHARD BLUMENTHAL
                                    ATTORNEY GENERAL


                              BY:   /s/_____
                                    Lynn D. Wittenbrink
                                    Assistant Attorney General
                                    110 Sherman Street
                                    Hartford, CT  06105
                                    Federal Bar #ct08575
                                    lynn.wittenbrink@po.state.ct.us
                                    Tel: (860) 808-5450
                                    Fax: (860) 808-5591
```

---

[2] *The United States of America v. Continental Illinois National Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989) (reversing trial court's denial of leave to amend with no surprise or "showing of significant prejudice.") *Id*. The Second Circuit stated: "As *Foman* makes clear, and as we have determined in the past, see *State Teachers Retirement Bd.*, 654 F.2d at 855-56, *S.S. Silberblatt, Inc.*, 608 F.2d at 42-43; *Middle Atl. Utils. Co.*, 392 F.2d at 384-87, the mandate of Fed. R. Civ. P. 15(a) that leave to amend 'shall be freely given when justice so requires' *requires reversals* of denials of leave to amend where the challenged denial exceeds the bounds of judicial discretion, viewed in terms of the provisions of Rule 15(a) and the policy underlying them." (emphasis added)).

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 5th day of November, 2004:

Jon Golas
Golas, Golas & Golas, P.C.
Suite 306
945 Main St.
Manchester, CT
06040

                                                   /s/_____
                                                Lynn D. Wittenbrink
                                                Assistant Attorney General