14 of 19 DOCUMENTS

**John R. Arigno v. Ian Murzin**

**CV 960474102S**

**SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF HARTFORD-NEW BRITAIN, AT NEW BRITAIN**

**1998 Conn. Super. LEXIS 691**

**February 6, 1998, Decided**
**February 6, 1998, Filed**

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** Motion for Summary Judgment granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant filed a motion for summary judgment on plaintiff policeman's suit alleging that he was defamed and was subjected to emotional distress by comments made by defendant to police internal affairs as to the policeman's alleged abuse of him and by comments made by defendant's former attorney to the media concerning the police officers involved in the occurrence.

**OVERVIEW:** Defendant was arrested and allegedly beaten in police barracks. In written statements made to the state police, defendant indicated that the policeman was responsible. An internal affairs investigation concluded that the policeman was not involved in the incident. The policeman sued defendant for defamation and emotional distress. The policeman claimed that defendant was liable for the statement he made to internal affairs and that his former attorney made improper statements to the news media concerning the incident. Defendant moved for summary judgment on the basis that both statements were privileged. The court held that a written complaint to the state police concerning the alleged misconduct of a state police officer was entitled to an absolute privilege because a quasi-judicial proceeding was involved. Therefore, the communications by defendant to the state police were entitled to an absolute privilege. The court further publications to a news media were not ordinarily sufficiently related to a judicial proceeding to justify a privileged occasion. Thus, unnecessary publication to a news media may have caused a loss of the privilege.

**OUTCOME:** The court granted summary judgment to defendant as to comments made by him to police investigators but denied the motion as to statements made by defendant's former attorney to the media.

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Summary Judgment Standard*
[HN1] Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Gen. Prac. Book, R. Super. Ct. § 384. In ruling on the summary judgment motion, the trial court must view the evidence in the light most favorable to the nonmoving party, and the trial court is limited to deciding whether an issue of fact exists, and may not try that issue if it does exist.

*Civil Procedure > Summary Judgment > Burdens of Production & Proof*
[HN2] The party moving for summary judgment has the burden of showing the nonexistence of any material fact and it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. The party resisting summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.

*Evidence > Privileges > Governmental Privilege*

[HN3] Communications to courts or to administrative agencies that exercise quasi-judicial functions have attached to them an absolute privilege against liability concerning the contents of the communication. Communications that seek to initiate a proceeding in an administrative agency context also enjoy the privilege.

*Evidence > Privileges > Governmental Privilege*
[HN4] A written complaint to the state police concerning the alleged misconduct of a state police officer is entitled to an absolute privilege because a quasi-judicial proceeding is involved.

*Evidence > Privileges > Governmental Privilege*
[HN5] The privilege may be lost by unnecessary or unreasonable publication to one for whom the occasion is not privileged. Publications to a news media is not ordinarily sufficiently related to a judicial proceeding to justify a privileged occasion. Therefore, unnecessary publication to a news media may cause a loss of the privilege. However, if the media is entitled to access the information in the complaint, then the privilege would remain.

**JUDGES:** ROBERT F. STENGEL, JUDGE, SUPERIOR COURT.

**OPINIONBY:** ROBERT F. STENGEL

**OPINION:** Memorandum of Decision Re: Defendant's Motion for Summary Judgment

I.

The plaintiff's complaint sets out two claims, the first count alleges a cause of action in defamation. The second count alleges negligent infliction of emotional distress.

The plaintiff was a Connecticut state trooper. On May 28, 1994, the defendant was arrested and brought to the state police barracks in Colchester where he was allegedly beaten. In written statements made to the Connecticut state police, the defendant indicated that the plaintiff was responsible. As a result of the defendant's statements, the plaintiff was the subject of an internal affairs investigation by the Connecticut state police. The investigation concluded that the plaintiff was not involved in the May 28, 1994 incident.

The plaintiff also alleges that in connection with the incident, the defendant's former attorney made statements to the media [*2] concerning the police officers involved in the occurrence.

The defendant has filed a Motion for Summary Judgment asserting that the statements made to the Connecticut state police were for the purpose of having an internal investigation commenced as such are absolutely privileged.

II.

[HN1] Summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. In ruling on the summary judgment motion, "the trial court must view the evidence in the light most favorable to the nonmoving party"; *Connecticut Bank & Trust Co. v. Carriage Lane Associates,* 219 Conn. 772, 781, 595 A.2d 334 (1991); and "the trial court [is] limited to deciding whether an issue of fact exists, [and may] not try that issue if it [does] exist." *Batick v. Seymour,* 186 Conn. 632, 647, 443 A.2d 471 (1988).

[HN2] The party moving for summary judgment "has the burden of showing the nonexistence of any material fact . . ."; *Strada v. Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984); and "that it [*3] is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." *Batick v. Seymour, supra*, 186 Conn. 647. The party resisting summary judgment "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." *Scinto v. Stamm,* 224 Conn. 524, 530, 620 A.2d 99.

III.

[HN3] Communications to courts or to administrative agencies that exercise quasi-judicial functions have attached to them an absolute privilege against liability concerning the contents of the communication. *Petyan v. Ellis,* 200 Conn. 243, 510 A.2d 1337, and *Kelley v. Bonney*, 221 Conn. 549, 606 A.2d 693. Communications that seek to initiate a proceeding in an administrative agency context also enjoy the privilege. *DeLaurentis v. New Haven,* 220 Conn. 225, 263, 597 A.2d 807.

The parties appear to agree that state police investigating proceedings are quasi-judicial. This conclusion finds support in a Superior Court decision, *Bieluch v. Smith,* 1993 Conn. Super. LEXIS 1319, CV 91-056050, 9 CONN. L. RPTR. 197 (1993). Judge Pickett, in *Bieluch, supra*, ruled that [HN4] a written complaint [*4] to the state police, concerning the alleged misconduct of a state police officer was entitled to an absolute privilege because a quasijudicial proceeding was involved. Judge

Pickett, also granted a Motion for Summary Judgment in *Bieluch, supra*, in which the plaintiff alleged a cause of action in libel and intentional infliction of emotional harm.

This court finds the decision of Judge Pickett in *Bieluch* to be persuasive and adopts its rationale in the instant case.

Accordingly, the court finds that the communications by the defendant to the state police are entitled to an absolute privilege and therefore a summary judgment is granted as to those communications only.

This determination does not conclude the issues raised by the Motion for Summary Judgment. While the court has ruled that the communications to the state police are privileged, there are the questions raised by the allegations of the plaintiff in his complaint concerning the conduct of the plaintiff's former attorney, which included interviews with the news media.

[HN5] "The privilege may be lost by unnecessary or unreasonable publication to one for whom the occasion is not privileged." *Kelley v.* [*5] *Bonney, supra* at p. 575. The court in *Kelley* also indicated that publications to a news media is not ordinarily sufficiently related to a judicial proceeding to justify a privileged occasion. Therefore, unnecessary publication to a news media may cause a loss of the privilege. However, if the media were entitled to access the information in the complaint, then the privilege would remain.

This issue cannot be decided by a summary judgment because genuine issues of material fact are involved.

Accordingly, the court grants the defendant's Motion for Summary Judgment as to the communication to the state police but not as to the communications to the news media by defendant's former attorney.

    ROBERT F. STENGEL

    JUDGE, SUPERIOR COURT