UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUGENE D'ANGELO, | : | Case No. 3:02CV1313(SRU) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH KIRSCHNER, et al. | : | |
| Defendants. | : | October 24, 2005 |

**PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT**

**A.   RESPONSE TO DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT**

1.   The plaintiff admits he was a trooper employed by the Connecticut State Police ("CSP"). The plaintiff denies that he voluntarily retired in 1998. (D'Angelo Affidavit, ¶ 17, Plaintiff's Exhibit 1).

2.   Admitted.

3.   Admitted.

4.   The plaintiff admits that the defendant Richard Covello held the rank of major. The plaintiff lacks sufficient information or knowledge to respond to "during the events in question" portion of the sentence as no specific time frame is given and it is too vague. The plaintiff denies the second sentence. (Defendants' Exhibit H, "Binkowski St.," Pg. 4).

5.  The plaintiff admits that the defendant Edward Kasche held the rank of lieutenant. The plaintiff lacks sufficient information or knowledge to respond to "during the events in question" portion of the sentence as no specific time frame is given and it is too vague. The plaintiff denies that the defendant Edward Kasche was assigned to the Bureau of Criminal Investigations Unit of the CSP. Alleged material fact is not supported by admissible evidence as required by Local Rule 56(a) 1 and 56(a) 3. (Defendants' Exhibit E, Kasche Aff.., ¶ 4.)

6.  The plaintiff admits that Andrew Russell held the rank of sergeant. The plaintiff lacks sufficient information or knowledge to respond to "during the events in question" portion of the sentence as no specific time frame is given and it is too vague. The plaintiff denies that the defendant Andrew Russell was assigned to the Bureau of Criminal Investigations Unit of the CSP. Denied alleged material fact is not supported by admissible evidence as required by Local Rule 56(a) 1 and 56(a) 3. (Defendants' Exhibit D, Russell Aff., ¶ 3).

7.  Admitted.

8.  Denied, alleged material fact is not supported by admissible evidence as required by Local Rule 56(a) 1 and 56(a) 3 and (D'Angelo Affidavit, ¶ 15, Plaintiff's Exhibit 1).

9.  Denied, alleged material fact is not supported by admissible evidence as required by Local Rule 56(a) 1 and 56(a) 3.

10. Denied, alleged material facts are not supported by any evidence as required by Local Rule 56(a) 1 and 56(a) 3.

11. Denied, alleged material facts are not supported by admissible evidence as required by Local Rule 56(a) 1 and 56(a) 3.

12. First sentence denied (Major Covello Internal Affairs Interview, Pg. 17, Plaintiff's Exhibit 2). Second sentence admitted. Third sentence denied alleged material facts are not supported by admissible evidence as required by Local Rule 56(a) 1 and 56(a) 3. Fourth sentence denied, multiple statements were taken from Trooper Binkowski. (Defendants' Exhibit H, Binkowski Statement dated 2/3/97, Plaintiff's Exhibit 3).

13. Denied, alleged material facts are not supported by a specific citation as required by Local Rule 56(a) 1 and 56(a) 3.

14. The plaintiff lacks sufficient information or knowledge to respond to the facts alleged in paragraph 14 as it is not clear which statement of Trooper Binkowski is referring to.

15. Denied, alleged material facts are not supported by evidence as required by Local Rule 56(a) 1 and 56(a) 3.

16. Denied, alleged material facts are not supported by evidence as required by Local Rule 56(a) 1 and 56(a) 3.

17. Denied, alleged material facts are not supported by evidence as required by Local Rule 56(a) 1 and 56(a) 3. (D'Angelo Affidavit, ¶ 7, Plaintiff's Exhibit 1).

18. Denied, alleged material facts are not supported by evidence as required by Local Rule 56(a) 1 and 56(a) 3. (D'Angelo Affidavit, ¶ 7, Plaintiff's Exhibit 1).

19. Denied, alleged material facts are not supported by evidence as required by Local Rule 56(a) 1 and 56(a) 3.

20. Denied, alleged material facts are not supported by evidence as required by Local Rule 56(a) 1 and 56(a) 3. (Arrest Warrant and Affidavit dated May 29, 1997, ¶ 1, Defendant's Exhibit I).

21. Denied, (Revoir Affidavit, ¶ 3, Defendants' Exhibit G).

22. Denied, statement is not supported by a specific citation as required by Local Rule 56(a) 1 and 56(a) 3.

23. Denied, (Revoir Affidavit, ¶ 3, Defendants' Exhibit G).

24. Denied, alleged material facts are not supported by admissible evidence as required by Local Rule 56(a) 1 and 56(a) 3.

25. Denied, statement is not supported by a specific citation as required by Local Rule 56(a) 1 and 56(a) 3. (Affidavit, ¶ 1, Defendants' Exhibit I).

26. Denied, statement is not supported by a specific citation as required by Local Rule 56(a) 1 and 56(a) 3, (Dearington Dep., pg. 42, Defendant's Exhibit V).

27. Admitted.

28. Denied, statement is not a material fact as required by Local Rule 56(a) 1 and 56(a) 3.

29. Denied, (Affidavit, ¶ 2, Defendants' Exhibit I).

30. Denied, statement is not a material fact as required by Local Rule 56(a) 1 and 56(a) 3. (Covello Aff. ¶ 13, Defendants' Exhibit A.)

31. First sentence admitted. Second sentence admitted. Third sentence denied, (Affidavit, ¶ 3, Defendants' Exhibit I).

32. Denied, statement is not a material fact as required by Local Rule 56(a) 1 and 56(a) 3. Denied, statement is not supported by a specific citation as required by Local Rule 56(a) 1 and 56(a) 3 ,(Affidavit, ¶ 3, Defendants' Exhibit I, 1208 Agreement, Pg. 2, Defendants' Exhibit L.)

33. Denied, (Affidavit, ¶ 4, Defendants' Exhibit I).

34. Denied, statement is not a material fact as required by Local Rule 56(a) 1 and 56(a) 3. (Covello Aff. ¶ 13, Defendants' Exhibit A.).

35. Denied, (Affidavit, ¶ 7, Defendants' Exhibit I) (Binkowski Statement dated 2/3/97, Pg. 1-2, Plaintiff's Exhibit 3).

36. Denied, statement is not a material fact as required by Local Rule 56(a) 1 and 56(a) 3. Statement is not supported by admissible evidence as required by Local Rule 56(a) 1 and 56(a) 3. (Binkowski Statement dated 2/3/97, Pg. 1-2, Plaintiff's Exhibit 3).

37. Admitted.

38. Denied, statement is not a material fact as required by Local Rule 56(a) 1 and 56(a) 3. (Binkowski Statement dated 2/3/97, Pg. 1-2, Plaintiff's Exhibit 3).

39. Denied, (Affidavit, ¶ 10, Defendants' Exhibit I) ((D'Angelo Affidavit, ¶ 7, 8,9,10 Plaintiff's Exhibit 1). Plaintiff admits that Officer Langin was there.

40. Denied, (Binkowski St., 3-4, Defendants' Exhibit H) (Binkowski Statement dated 2/3/97, Pg. 1-2, Plaintiff's Exhibit 3).

41. Admitted.

42. Denied, statement is not a material fact as required by Federal Rule 56 and Local Rule 56(a) 1 and 56(a) 3.

43. Denied, that the affidavit states that the plaintiff told him that he would be willing to trade Northstar material for old guns. (Affidavit, ¶ 12, Defendants' Exhibit I.)

44. Denied, statement is not a material fact as required by Federal Rule 56 & Local Rule 56(a) 1 and 56(a) 3. (Slaiby St., pg 3, Defendants Exhibit N).

45. Admitted.

46. Denied, (Binkowski St.,pg. 4, Defendants' Exhibit H).

47. Denied, statement is not supported by evidence as required by Federal Rule and Local Rule 56(a) 1 and 56(a) 3.

48. Denied, statement is not a material fact as required by Local Rule 56(a) 1 and 56(a) 3.

49. Denied, statement is not supported by evidence as required by Federal Rule and Local Rule 56(a) 1 and 56(a) 3.

50. Denied, statement is not supported by a specific citation as required by Local Rule 56(a) 1 and 56(a) 3.

51. Admitted.

52. Denied, (Covello Affidavit, ¶ 13, Defendants' Exhibit A).

53. Admitted.

54. Denied, statement is not supported by admissible evidence as required by Federal Rule 56 and Local Rule 56(a) 1 and 56(a) 3.

55. Denied, (Affidavit, ¶ 18, Defendants' Exhibit I.).

56. Denied, statement is not supported by admissible evidence as required by Federal Rule & Local Rule 56(a) 1 and 56(a) 3.

57. Denied, statement is not supported by admissible evidence as required by Federal Rule and Local Rule 56(a) 1 and 56(a) 3.

58. Admitted.

59. Denied, statement is not supported by admissible evidence as required by Federal Rule 56 & Local Rule 56(a) 1 and 56(a) 3

60. Denied, statement is not supported by admissible evidence as required Federal Rule 56 and by Local Rule 56(a) 1 and 56(a) 3.  Statement is not a material fact as

required by Federal Rule 56 and by Local Rule 56(a) (1) and 56(a) 3. Statement is a legal conclusion.

61. Admitted.

62. Denied, statement is not supported by admissible evidence as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a) 3.

63. Denied, (Affidavit, ¶ 21, Defendants' Exhibit I).

64. Denied, statement is not supported by evidence as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a) 3.

65. Denied, (Trainham St., pp. 3-5, Defendants Exhibit O).

66. Admitted.

67. Denied, statement is not a material fact as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a) 3. Denied, statement is not supported by a specific citation as required by Local Rule 56(a) 1 and 56(a) 3.

68. Admitted.

69. Denied, statement is not a material fact as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a) 3. Denied, statement is not supported by a specific citation as required by Local Rule 56(a) 1 and 56(a) 3.

70. Denied, (Affidavit, ¶ 27, Defendants' Exhibit I).

71. Denied, statement is not a material fact as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a) 3. Statement is not supported by admissible evidence as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a) 3.

72. Denied, (D'Angelo Dep. pp. 205-207), Statement is not supported by admissible evidence as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a).

73. Denied, (Affidavit, ¶ 28, Defendants' Exhibit I).

74. Denied, (Information, Defendants' Exhibit J), Statement is not supported by admissible evidence as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a).

75. Denied, (Arrest Warrant, Defendants' Exhibit K), Statement is not supported by admissible evidence as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a).

76. Denied, Statement is not supported by admissible evidence as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a).

77. Denied, Statement is not supported by admissible evidence as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a).

78. Denied, Statement is not supported by admissible evidence as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a). Denied, statement is not supported by a specific citation as required by Local Rule 56(a) 1 and 56(a) 3.

79. Denied, (Stipulation, Defendants' Exhibit W) (D'Angelo Affidavit, ¶ 16, Plaintiff's Exhibit 1).

80. Admitted.

81. Admitted.

82. Admitted.

83. Denied, (Dearington Dep., pp.39-40).

84. Denied, (Binkowski Statement dated 2/3/97, Pg. 1-5, Plaintiff's Exhibit 3, Statement from Shawn M. Boyne, Plaintiff's Exhibit 4, Continuation of Investigation Report Re: Shawn Boyne dated 2/21/97, Pg. 1, Plaintiff's Exhibit 5, Continuation of Investigative Report Re: Dennis Sullivan dated 5/19/97, pg. 4, Plaintiff's Exhibit 6, G.J. O'Donnell Private Investigators Witness Statement Form Re: Dennis Sullivan dated 6/18/97, pgs. 1-5, Plaintiff's Exhibit 7, Continuation of Investigative Report Re: Robert Milslagle dated 8/5/97, Plaintiff's Exhibit 8, G.J. O'Donnell Private Investigators Witness Statement Form Re: Robert Milslagle dated 6/25/97, pg 1-3, Plaintiff's Exhibit 9, Witness Statement dated 1/15/97 from Trooper Binkowski, Plaintiff's Exhibit 10, Continuation of Investigative Report Re: M/Sgt. James Turner dated 4/24/97, pg. 4, Plaintiff's Exhibit 11, Continuation of Investigation Report Re: TSgt. Zane Tyler dated 4/28/97, pg. 2, Plaintiff's Exhibit 12, Continuation of Investigation Report signed by John Mannion dated 7/16/97, pg 14., Plaintiff's Exhibit 13,

        Continuation of Investigation report signed by John Mannion dated 7/16/97, pg 16, Plaintiff's Exhibit 13, Deposition of John Mannion dated 5/12/05, pgs 20-29, Plaintiff's Exhibit 14, Deposition of John Mannion dated 6/14/05, pgs 56-113, Plaintiff's Exhibit 15, Deposition of Michael Dearington dated 5/12/05, pgs 1-44, Plaintiff's Exhibit 16, Internal Affairs Interview of John Mannion dated 10/17/97, pgs. 11-13, Plaintiff's Exhibit 17, Internal Affairs Investigative Report dated 11/24/97, pg. 60, Plaintiff's Exhibit 18, Deposition of Dennis Sullivan dated 10/21/04, Plaintiff's Exhibit 19, Deposition of Robert Milslagle dated 10/21/04, Plaintiff's Exhibit 20, Internal Affairs Interview of Manfred Brideau dated 10/8/97, Plaintiff's Exhibit 21).

85.    Denied, Statement is not supported by proper affidavit as required by Federal Rule 56 and by Local Rule 56(a) 1 and 56(a).

86.    Denied. Denied, (Binkowski Statement dated 2/3/97, Pg. 1-5, Plaintiff's Exhibit 3, Statement from Shawn M. Boyne, Plaintiff's Exhibit 4, Continuation of Investigation Report Re: Shawn Boyne dated 2/21/97, Pg. 1, Plaintiff's Exhibit 5, Continuation of Investigative Report Re: Dennis Sullivan dated 5/19/97, pg. 4, Plaintiff's Exhibit 6, G.J. O'Donnell Private Investigators Witness Statement Form Re: Dennis Sullivan dated 6/18/97, pgs. 1-5, Plaintiff's Exhibit 7, Continuation of Investigative Report Re: Robert Milslagle dated 8/5/97, Plaintiff's Exhibit 8, G.J. O'Donnell Private Investigators Witness Statement

Form Re: Robert Milslagle dated 6/25/97, pg 1-3, Plaintiff's Exhibit 9, Witness Statement dated 1/15/97 from Trooper Binkowski, Plaintiff's Exhibit 10, Continuation of Investigative Report Re: M/Sgt. James Turner dated 4/24/97, pg. 4, Plaintiff's Exhibit 11, Continuation of Investigation Report Re: TSgt. Zane Tyler dated 4/28/97, pg. 2, Plaintiff's Exhibit 12, Continuation of Investigation Report signed by John Mannion dated 7/16/97, pg 14., Plaintiff's Exhibit 13, Continuation of Investigation report signed by John Mannion dated 7/16/97, pg 16, Plaintiff's Exhibit 13, Deposition of John Mannion dated 5/12/05, pgs 20-29, Plaintiff's Exhibit 14, Deposition of John Mannion dated 6/14/05, pgs 56-113, Plaintiff's Exhibit 15, Deposition of Michael Dearington dated 5/12/05, pgs 1-44, Plaintiff's Exhibit 16, Internal Affairs Interview of John Mannion dated 10/17/97, pgs. 11-13, Plaintiff's Exhibit 17, Internal Affairs Investigative Report dated 11/24/97, pg. 60, Plaintiff's Exhibit 18, Deposition of Dennis Sullivan dated 10/21/04, Plaintiff's Exhibit 19, Deposition of Robert Milslagle dated 10/21/04, Plaintiff's Exhibit 20, Internal Affairs Interview of Manfred Brideau dated 10/8/97, Plaintiff's Exhibit 21).

87. Denied, (Ibid.)

88. Denied, (Search Warrant Affidavit, ¶ 3, Defendant's Exhibit G.)

**B.    PLAINTIFF'S STATEMENT OF FACTS**

1. The defendants' omitted exculpatory information from the arrest warrant and the search warrant leading to his false arrest without probable cause. (Binkowski Statement dated 2/3/97, Pg. 1-5, Plaintiff's Exhibit 3, Statement from Shawn M. Boyne, Plaintiff's Exhibit 4, Continuation of Investigation Report Re: Shawn Boyne dated 2/21/97, Pg. 1, Plaintiff's Exhibit 5, Continuation of Investigative Report Re: Dennis Sullivan dated 5/19/97, pg. 4, Plaintiff's Exhibit 6, G.J. O'Donnell Private Investigators Witness Statement Form Re: Dennis Sullivan dated 6/18/97, pgs. 1-5, Plaintiff's Exhibit 7, Continuation of Investigative Report Re: Robert Milslagle dated 8/5/97, Plaintiff's Exhibit 8, G.J. O'Donnell Private Investigators Witness Statement Form Re: Robert Milslagle dated 6/25/97, pg 1-3, Plaintiff's Exhibit 9, Witness Statement dated 1/15/97 from Trooper Binkowski, Plaintiff's Exhibit 10, Continuation of Investigative Report Re: M/Sgt. James Turner dated 4/24/97, pg. 4, Plaintiff's Exhibit 11, Continuation of Investigation Report Re: TSgt. Zane Tyler dated 4/28/97, pg. 2, Plaintiff's Exhibit 12, Continuation of Investigation Report signed by John Mannion dated 7/16/97, pg 14., Plaintiff's Exhibit 13, Continuation of Investigation report signed by John Mannion dated 7/16/97, pg 16, Plaintiff's Exhibit 13, Deposition of John Mannion dated 5/12/05, pgs 20-29, Plaintiff's Exhibit 14, Deposition of John Mannion dated 6/14/05, pgs 56-113, Plaintiff's Exhibit 15, Deposition of Michael Dearington dated 5/12/05, pgs 1-44, Plaintiff's Exhibit 16, Internal Affairs

13

Interview of John Mannion dated 10/17/97, pgs. 11-13, Plaintiff's Exhibit 17, Internal Affairs Investigative Report dated 11/24/97, pg. 60, Plaintiff's Exhibit 18, Deposition of Dennis Sullivan dated 10/21/04, Plaintiff's Exhibit 19, Deposition of Robert Milslagle dated 10/21/04, Plaintiff's Exhibit 20, Internal Affairs Interview of Manfred Brideau dated 10/8/97, Plaintiff's Exhibit 21).

                THE PLAINTIFF,
                Eugene D'Angelo

By: _____
     Jon D. Golas
     Federal Bar Number:  ct23324
     Golas, Golas & Golas, P.C.
     945 Main Street, Suite 306
     Manchester, CT 06040
     Tel.#(860) 646-4545
     Fax#(860) 646-8604
     His Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing has been Hand Delivered to the following counsel of record this 24th day of October, 2005.

Neil Parille
Lynn D. Wittenbrink
Assistant Attorney Generals
110 Sherman Street
Hartford, CT 06105

                                      Jon D. Golas
                                      Golas, Golas & Golas, P.C.
                                      945 Main Street, Suite 306
                                      Manchester, CT 06040