**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EUGENE D'ANGELO | : | NO. 3:02CV1313(SRU) |
| *Plaintiff,* | : | |
| | : | |
| VS. | : | |
| | : | |
| KENNETH KIRSCHNER, ET AL. | : | |
| *Defendants.* | : | NOVEMBER 10, 2005 |

**THE DEFENDANTS' MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S**
**MOTION TO STRIKE THE DEFENDANTS' RULE 56(A)(1) STATEMENT**

The defendants hereby respond to the plaintiff's motion to strike their Local Rule 56(a)(1) Statement ("Statement") filed in support of their motion for summary judgment. As an introductory matter, the defendants note that Local Rule 7(a) requires that a motion "involving disputed issues of law <u>shall</u> be accompanied by a written memorandum of law . . . ." (Emphasis added.) The plaintiff has not included a memorandum of law and this oversight has made it difficult to respond to some of the plaintiff's arguments given his lack of specificity.

Under Rule 12(f) of the Federal Rules of Civil Procedure, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matters." Such motions are not favored and will usually be denied unless the matters have no possible relations to the controversy and may prejudice the other party. <u>Middletown Plaza Assocs. v. Dora Dale of Middletown</u>, 621 F. Supp. 1163, 1164 (D. Conn. 1985); <u>Moore v. Prudential Ins. Co. of America</u>, 166 F. Supp. 215, 217-18 (D. N.C. 1958).

The plaintiff makes several arguments in asserting that all or some of the defendants' facts should be stricken.

First, the plaintiff argues that the Statement is not based on admissible evidence. The defendants have addressed this issue in their replies to the plaintiff's motion to strike the defendants' exhibits and affidavits.

Second, the plaintiff moves to strike "several statements" in the Statement for the alleged failure to mention "specific citations" to paragraphs and pages in the record. A review of the Statement indicates that the defendants made reference to a page numbers and paragraph citations on virtually every occasion in which it was required. In those rare instances when a specific page number was not given, it was normally because the Statement referred to a very brief document (for example the two-page stipulation which the plaintiff signed) or was referring to the sense of a document (such as that the arrest warrant application was supported by an arrest warrant affidavit, see Statement, ¶ 25.) As one example, the plaintiff objects to paragraph 50 of the Statement which reads: "This telephone conversation took place and was in fact recorded. (Telephone Conversation.)" Obviously the defendants are referring to the document as a whole.

Third, concerning the plaintiff's claim that that certain statements are "legal conclusions," "speculative" and "improper generalizations," the appropriate manner for the plaintiff to challenge this would be in his Local Rule 56(a)(2) Statement submitted with his memorandum of law in opposition to the plaintiff's motion for summary judgment.

For the reasons set forth above, the defendants respectfully request that the plaintiff's motion to strike be denied.

>DEFENDANTS,
>Kenneth Kirschner, Edward Kasche,
>William McGuire, Andrew Russell,
>John Mannion, Richard Covello
>
>RICHARD BLUMENTHAL
>ATTORNEY GENERAL
>
>BY:___/s/_____
>　　Neil Parille
>　　Assistant Attorney General
>　　Federal Bar No. ct15278
>　　110 Sherman Street
>　　Hartford, CT  06105
>　　Telephone No.: (860) 808-5450
>　　Fax No.: (860) 808-5591
>　　Email:  neil.parille@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 10th day of November, 2005:

Jon Golas, Esq.
Golas, Golas & Golas, PC
945 Main Street, Suite 306
Manchester, CT  06040

>___/s/_____
>Neil Parille
>Assistant Attorney General