UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUGENE D'ANGELO | : | NO. 3:02CV1313(SRU) |
| *Plaintiff,* | : | |
| | : | |
| VS. | : | |
| | : | |
| KENNETH KIRSCHNER, ET AL. | : | |
| *Defendants.* | : | NOVEMBER 10, 2005 |

**THE DEFENDANTS' MEMORANDUM IN OPPOSITION TO THE
PLAINTIFF'S MOTION TO STRIKE THE DEFENDANTS' AFFIDAVITS**

The defendants hereby respond to the plaintiff's motion to strike their affidavits submitted in support of their motion for summary judgment. The plaintiff alleges that the defendants' affidavits are "not based on personal knowledge . . . are not sworn to be true . . . contain hearsay statements, conclusory averments and unfounded self serving declarations." The plaintiff's allegations are without merit and his motion should be denied. As an introductory matter, the defendants note that Local Rule 7(a) requires that a motion "involving disputed issues of law <u>shall</u> be accompanied by a written memorandum of law . . . ." (Emphasis added.) The plaintiff has not included a memorandum of law and this oversight has made it difficult to respond to some of the plaintiff's arguments given his lack of specificity.

**I.     ARGUMENT**

    **A.     THE AFFIDAVITS ARE IN PROPER FORM**

The plaintiff first attacks all the affidavits because they are allegedly not sworn true and are not based on personal knowledge. The plaintiff does not cite a single case under Connecticut or federal law supporting his argument that these affidavits are not in proper form. Turning first

to the plaintiff's allegation that the affidavits are not "sworn to be true," the plaintiff is obviously in error. Each of the affidavits is "sworn" and signed under oath. Connecticut law provides the following as the oath applicable with respect to affidavits:

FOR WITNESSES.

> You solemnly swear or solemnly and sincerely affirm, as the case may be, that the evidence you shall give concerning this case shall be the truth, the whole truth and nothing but the truth; so help you God or upon penalty of perjury.

Conn. Gen. Stat. § 1-25.

The plaintiff next states that the affidavits are not "based on personal knowledge." The plaintiff doesn't specify whether the affidavits contain information outside of the personal knowledge of the affiants or whether this is an attack on the form of the affidavit, e.g., that the affidavits don't contain an introductory statement such as "this affidavit is based on personal knowledge." In any event, each of the affiants swore that "I am familiar with the plaintiff Eugene D'Angelo and the allegations that he has raised in this lawsuit" and sets forth his involvement in this case.

### B.    MAJOR COVELLO'S AFFIDAVIT

The plaintiff moves to strike Major Covello's affidavit asserting that, among other things, it contains inadmissible hearsay. The statements in question – which detail the information that was provided to him and what he told the Commissioner – are not offered for their truth. Rather, they are offered to show both the motivation and state of mind of Major Covello that prompted the investigation into the plaintiff's conduct.

The plaintiff alleges that Major Covello's denial of involvement in the criminal investigation is not supported by facts. (Pl.'s Mot., p. 2.) However, Major Covello states that the investigation of this case was transferred to a different unit in the Connecticut State Police ("CSP") and that, to the best of his knowledge, no employee under his supervision had a role in the subsequent investigation. (Covello Aff., ¶ 12.) Obviously, Major Covello knows what his position in the CSP was and the work assignments of his subordinates. Major Covello's testimony is consistent with those of his subordinates, Sgt. Russell and Lt. Kasche, who likewise testify that they had no or minimal involvement in the subsequent investigation. (Russell Aff. ¶¶ 13-15; Kasche Aff., ¶¶ 11-13.) The plaintiff should relegate his argument on this issue to his memorandum of law.

### C. THE REMAINING AFFIDAVITS

The plaintiff attacks the remaining affidavits because the representations that the affiants obeyed all law, and did not defame the plaintiff are "conclusory ." (Pl.'s Mot., pp. 2-3.) The defendants are certainly entitled to say that in their belief they acted appropriately since state of mind is an issue.

The plaintiff also attacks as inadmissible hearsay this paragraph in Kirschner's affidavit:

> 5. In early 1997, I heard from Major Covello allegations that Trooper D'Angelo was trading Northstar material for personal property. I directed Major Covello to inquire into these allegations.

The plaintiff does not state why this is inadmissible (and the undersigned assumes that it is only the first sentence to which he objects); however Major Covello's statement is not being offered

3

for the truth, but only to show Kirschner's motivation and state of mind in determining to start an investigation.

## II. CONCLUSION

For the reasons set forth above, the defendants respectfully request that the plaintiff's motion to strike the affidavits be denied.

DEFENDANTS,
Kenneth Kirschner, Edward Kasche,
William McGuire, Andrew Russell,
John Mannion, Richard Covello

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:____/s/_____
Neil Parille
Assistant Attorney General
Federal Bar No. ct15278
110 Sherman Street
Hartford, CT  06105
Telephone No.: (860) 808-5450
Fax No.: (860) 808-5591
Email: neil.parille@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 10th day of November, 2005:

Jon Golas, Esq.
Golas, Golas & Golas, PC
945 Main Street, Suite 306
Manchester, CT  06040

____/s/_____
Neil Parille
Assistant Attorney General