UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUGENE D'ANGELO | : | NO. 3:02CV1313(SRU) |
| *Plaintiff,* | : | |
| | : | |
| VS. | : | |
| | : | |
| KENNETH KIRSCHNER, ET AL. | : | |
| *Defendants.* | : | NOVEMBER 10, 2005 |

**THE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
THE PLAINTIFF'S MOTION TO STRIKE THE DEFENDANTS' EXHIBITS**

The defendants hereby respond to the plaintiff's motion to strike the defendants' exhibits submitted in support of the defendants' motion for summary judgment. For the reasons that follow, the plaintiff's motion is without merit and should be denied. As an introductory matter, the defendants note that Local Rule 7(a) requires that a motion "involving disputed issues of law shall be accompanied by a written memorandum of law . . . ." (Emphasis added.) The plaintiff has not included a memorandum of law and this oversight has made it difficult to respond to some of the plaintiff's arguments given his lack of specificity.

**I.   ARGUMENT**

    **A.   THE EXHIBITS ARE PROPERLY BEFORE THE COURT IN SUPPORT
    OF THE MOTION FOR SUMMARY JUDGMENT**

The plaintiff has moved to strike various exhibits submitted by the defendant in support of their motion for summary judgment asserting that these exhibits have not been properly authenticated and contain inadmissible hearsay. In Russo v. City of Hartford, 3:97cv2380 (JC), 2004 US DIST LEXIS 21092, **3-4 (attached), the District Court discussed this very issue.

There, the defendants moved to strike various exhibits submitted by the plaintiff in opposition to their motion for summary judgment. The court held that the test was whether the evidence submitted was "likely admissible." The court held that various records which appeared to be business records were properly before the court in a motion for summary judgment, particularly in light of the fact that the party moving to strike had not raised any questions as to their authenticity. "Russo [the moving party] has not offered any evidence, or even suggestion thereof, that the memoranda were fabricated, created or are in any other way fraudulent. That he disagrees with the contents of the documents is not a basis to exclude them. Under Local Rule 56(a)(3), these memoranda 'would be admissible at trial.'"

Under Russo, the documents submitted in support of the defendants' motion for summary judgment are properly before the court. In addition, although the plaintiff contends that many of these documents contain "inadmissible hearsay" the plaintiff does not give any specific examples of hearsay contained in these documents. Many of these documents were referenced in the arrest warrant application of Lt. Mannion. An affidavit in support of an arrest warrant may be based on hearsay. United States v. Smith, 9 F.3d 1007, 1013 (2d Cir. 1993). Likewise, the plaintiff appears to believe that the admissible of certain documents is impaired because they are not signed. The plaintiff cites to no rule of evidence that a document must be signed for it to be admissible.

The plaintiff does not contend that any of the documents submitted by the defendants are incomplete, inauthentic or fabricated. In fact, the plaintiff submits some of the very same documents in his evidentiary submission in opposition to the motion for summary judgment.

Often, the plaintiff's exhibits are not certified. For example, the plaintiff's second exhibit, an Internal Affairs Statement of Major Covello, is not a certified copy. The next exhibit, a statement from Trooper Binkowski, is not a certified copy, etc.

### B.   EXHIBIT H

Exhibit H is a signed statement of Trooper Binkowski dated January 4, 1997. The plaintiff moves for it to be stricken because it has not been properly authenticated and contains inadmissible hearsay. The document, however, is not being submitted for the truth of the allegations; rather it is submitted to show that there was probable cause for the issuance of the arrest warrant because Lt. Mannion referenced this document in his arrest warrant affidavit. Concerning the plaintiff's claim that the document hasn't been authenticated, this document was prepared by Trooper Binkowski in the performance of his duties. Notwithstanding the above, the undersigned has provided a certified copy of this document. See Affidavit of Neil Parille, ¶ 4.

### C.   EXHIBIT I

Exhibit I is the Arrest Warrant Application and Affidavit. The plaintiff moves to strike these documents because they aren't certified copies and haven't been properly authenticated. However, the plaintiff himself has submitted the Arrest Warrant Application and Affidavit as part of the Deposition of John Mannion and has therefore waived any objection to their admissibility. (See Pl.'s Ex. 14.)

**D.     EXHIBIT J**

Exhibit J is the Information dated May 29, 1997.  The plaintiff moves to strike on the ground that it is unsigned and is not a certified copy.  The document is signed.  This document is a business and/or judicial record and is likely admissible.  See Affidavit of Neil Parille, ¶ 5.

**E.     EXHIBIT K**

Exhibit K is the Arrest Warrant, dated May 29, 1997.  The plaintiff moves to strike on the ground that it is unsigned and is not a certified copy.  The document is signed.  This document is a judicial record and is likely admissible.  See Affidavit of Neil Parille, ¶ 5.

**F.     EXHIBIT L**

Exhibit L is a document entitled "Agreement Between the State of Connecticut and Section 1208 Participants."  The plaintiff objects that it is unsigned and is not a certified copy.  This document is a business record and is likely admissible.  Notwithstanding the above, the undersigned has provided a certified copy of this document.  See Affidavit of Neil Parille, ¶ 4.

**G.     EXHIBIT M**

Exhibit M is a statement of Terrence Langin dated January 15, 1997.  The plaintiff moves for it to be stricken because it has not been properly authenticated and contains inadmissible hearsay.  The document, however, is not being submitted for the truth of the allegations; rather it is submitted to show that there was probable cause for the issuance of the arrest warrant because Lt. Mannion referenced this document in his arrest warrant affidavit.  Notwithstanding the above, the undersigned has provided a certified copy of this document.  See Affidavit of Neil Parille, ¶ 4.

**H.    EXHIBIT N**

Exhibit N is a statement of George Slaiby dated February 1, 1997. The plaintiff moves for it to be stricken because it has not been properly authenticated and contains inadmissible hearsay. The document, however, is not being submitted for the truth of the allegations; rather it is submitted to show that there was probable cause for the issuance of the arrest warrant because Lt. Mannion referenced this document in his arrest warrant affidavit. Notwithstanding the above, the undersigned has provided a certified copy of this document. See Affidavit of Neil Parille, ¶ 4.

**I.    EXHIBIT O**

Exhibit O is a statement of William Trainham dated January 14, 1997. The plaintiff moves for it to be stricken because it has not been properly authenticated and contains inadmissible hearsay. The document, however, is not being submitted for the truth of the allegations; rather it is submitted to show that there was probable cause for the issuance of the arrest warrant because Lt. Mannion referenced this document in his arrest warrant affidavit. Notwithstanding the above, the undersigned has provided a certified copy of this document. See Affidavit of Neil Parille, ¶ 4.

**J.    EXHIBIT P**

Exhibit P is a transcript of a telephone conversation between the plaintiff and Trooper Binkowski dated January 7, 1997. The plaintiff moves for it to be stricken arguing that it has not been properly authenticated and contains inadmissible hearsay. The document, however, is not being submitted for the truth of the allegations; rather it is submitted to show that there was

probable cause for the issuance of the arrest warrant because Lt. Mannion referenced this document in his arrest warrant affidavit. Notwithstanding the above, the undersigned has provided a certified copy of this document. See Affidavit of Neil Parille, ¶ 4.

    K.    **EXHIBIT Q**

Exhibit Q is a transcript of a conversation between the plaintiff and Trooper Binkowski dated January 9, 1997. The plaintiff moves for it to be stricken arguing that it has not been properly authenticated and contains inadmissible hearsay. The document, however, is not being submitted for the truth of the allegations; rather it is submitted to show that there was probable cause for the issuance of the arrest warrant because Lt. Mannion referenced this document in his arrest warrant affidavit. Notwithstanding the above, the undersigned has provided a certified copy of this document. See Affidavit of Neil Parille, ¶ 4.

    L.    **EXHIBIT R**

Exhibit R is a document entitled "1208 Program Transfer Equipment Receipt" dated January 9, 1997. The plaintiff objects that it is unsigned and is not a certified copy. This document is a business record and is likely admissible. See Affidavit of Neil Parille, ¶ 5.

    M.    **EXHIBIT S**

Exhibit S is a statement of Pasquale DiChello dated May 27, 1997. The plaintiff moves for it to be stricken because it has not been properly authenticated and contains inadmissible hearsay. The document, however, is not being submitted for the truth of the allegations; rather it is submitted to show that there was probable cause for the issuance of the arrest warrant because Lt. Mannion referenced this document in his arrest warrant affidavit. Notwithstanding the above,

the undersigned has provided a certified copy of this document. See Affidavit of Neil Parille, ¶ 4.

### N.    **EXHIBIT T**

Exhibit T is an excerpt of the plaintiff's deposition. The plaintiff objects that it is not properly authenticated and does not contain the proper certification. The defendant has submitted a certification page along with the portions of the deposition. See Affidavit of Lynn Wittenbrink.

### O.    **EXHIBIT U**

Exhibit U is an excerpt from the deposition of Lt. Mannion on May 12, 2005. The plaintiff objects that it is not properly authenticated and does not contain the proper certification. The plaintiff has included the entire deposition from Lt. Mannion and has therefore waived any objection to the deposition's admissibility. (See Pl.'s Ex. 14.)

### P.    **EXHIBIT V**

Exhibit V is an excerpt from the deposition of State's Attorney Michael Dearington. The plaintiff objects that it is not properly authenticated and does not contain the proper certification. The plaintiff has included the entire deposition from Mr. Dearington and has therefore waived any objection to the deposition's admissibility. (See Pl.'s Ex. 16.)

### Q.    **EXHIBIT W**

Exhibit W is the stipulation signed between the plaintiff and the Department of Public Safety dated March 12, 1998. The plaintiff objects that it is not properly authenticated and is not a certified copy. The document is a business record and is likely admissible. In any event,

the plaintiff himself references the stipulation in his affidavit so there is really no dispute about the admissibility of this document. (D'Angelo Aff., ¶ 16.)

### R. EXHIBIT Y

Exhibit Y is a copy of the Notice of Internal Affairs Investigation. The plaintiff objects that it is not properly authenticated and is not a certified copy. The document is a business record and is likely admissible. See Affidavit of Neil Parille, ¶ 5.

### S. EXHIBIT Z

Exhibit Z is a document entitled "Inventory of Property Seized Without a Search Warrant." The plaintiff objects that it is not properly authenticated and is not a certified copy. The document is a business record and is likely admissible. Notwithstanding the above, the undersigned has provided a certified copy of this document. See Affidavit of Neil Parille, ¶ 4.

### T. EXHIBIT AA

Exhibit AA is a document entitled "Items Provided to CT. State Police." The plaintiff objects that it is not properly authenticated and is not a certified copy. The document is a business record and is likely admissible. Notwithstanding the above, the undersigned has provided a certified copy of this document. See Affidavit of Neil Parille, ¶ 4.

## II.     CONCLUSION

For the reasons set forth above, the defendants respectfully request that the plaintiff's motion to strike their exhibits be denied.

```
                                        DEFENDANTS,
                                        Kenneth Kirschner, Edward Kasche,
                                        William McGuire, Andrew Russell,
                                        John Mannion, Richard Covello

                                        RICHARD BLUMENTHAL
                                        ATTORNEY GENERAL


                                BY:___/s/_____
                                        Neil Parille
                                        Assistant Attorney General
                                        Federal Bar No. ct15278
                                        110 Sherman Street
                                        Hartford, CT  06105
                                        Telephone No.: (860) 808-5450
                                        Fax No.: (860) 808-5591
                                        Email:  neil.parille@po.state.ct.us
```

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 10th day of November, 2005:

Jon Golas, Esq.
Golas, Golas & Golas, PC
945 Main Street, Suite 306
Manchester, CT  06040

```
                                   ___/s/_____
                                   Neil Parille
                                   Assistant Attorney General
```