LEXSEE 2004 US DIST LEXIS 21092

**NICHOLAS O. RUSSO, JR., Plaintiff, v. CITY OF HARTFORD, ET AL, Defendants.**

**CIVIL ACTION NO. 3-97-cv-2380 (JCH)(Lead Case); Consolidated With 3-00-cv-2382 (JCH) and 3-00-cv-1794 (JCH).**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

**2004 U.S. Dist. LEXIS 21092**

**September 30, 2004, Decided**

**SUBSEQUENT HISTORY:** Summary judgment granted, in part, summary judgment denied, in part by Russo v. City of Hartford, 341 F. Supp. 2d 85, 2004 U.S. Dist. LEXIS 21093 (D. Conn., Sept. 30, 2004)

**PRIOR HISTORY:** Russo v. City of Hartford, 184 F. Supp. 2d 169, 2002 U.S. Dist. LEXIS 2555 (D. Conn., 2002)

**DISPOSITION:** Plaintiff's motions to strike documents submitted by defendants, denied. Defendants' motions to strike documents submitted by plaintiff, granted in part and denied in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Before the court were plaintiff's motion to strike and police defendants' joint motions to strike. Plaintiff moved to strike portions of defendants' summary judgment statement that relied on certain memoranda as inadmissible under Fed. R. Civ. P. 56(e), U.S. Dist. Ct., D. Conn., R. 56(a)(3), and Fed. R. Evid. 802, 803. Defendants moved to strike portions of plaintiff's motion statement on various grounds.

**OVERVIEW:** The court denied plaintiff's motion to strike in light of defendants' response that the documents were not being offered for their truth, but rather to prove what the police chief knew when he made various decisions pertinent to the case. Moreover, the documents appeared to be public records and deposition testimony had laid a foundation for their admission. The court granted in part and denied in part defendants' motions. Portions of plaintiff's motion statement were struck as hearsay, unless the statements were not being offered to prove the truth of the matter, or because they were supported by unauthenticated materials. Deposition exhibits were not struck for lack of a proper certification by a court reporter since it was implicit in the submissions that counsel represented that the document were what they purported to be and had not been tampered with. Various statements were struck from plaintiff's motion statement as unsupported by citation to the record, or supported by deposition testimony that was not based on personal knowledge, or which included evidence that was not previously produced despite requests for production.

**OUTCOME:** The court denied plaintiff's motion to strike and granted in part and denied in part defendants' motions to strike.

**COUNSEL:** [*1] James S. Brewer, Brewer & O'Neil, West Hartford, CT, for Plaintiff NICHOLAS O. RUSSO, JR.

Charles L. Howard, Derek L. Mogck, Gregg Peter Goumas, and Kara L. Van Ausdall, Shipman & Goodwin-ConstPlza-Htfd, Hartford, CT, for Defendant BRUCE P. MARQUIS, Chief of Police, I/O.

Helen Apostolidis, Corporation Counsel's Office, Hartford, CT, Jill Hartley, John P. Shea, Jr., Lori Rittman Clark, and Michael G. Albano, Sabia & Hartley, LLC, Hartford, CT, Michael C. Collins, Halloran & Sage - Hartford, Hartford, CT, and Ryan P. Berry, Moukawsher & Walsh - Htfd, Hartford, CT, for Defendant CITY OF HARTFORD.

**JUDGES:** Janet C. Hall, United States District Judge.

**OPINIONBY:** Janet C. Hall

**OPINION:**

**RULING RE: PLAINTIFF'S MOTIONS TO STRIKE [DKT. NOS. 482 and 150] AND DEFENDANTS' JOINT MOTIONS TO STRIKE [DKT. NOS. 493, 162 and 56]**

In Russo v. City, Action No. 3-97-cv-2380 and Russo v. Bailey, Action No. 3-00-cv1794, Russo has moved to strike all those portions of the Police Defendants' Local Rule 56(a)(1) Statement that rely on memoranda written by Roberts and Lilley [respectively, Dkt. Nos. 482 and 150]. The basis for his Motions is that the memoranda are not admissible under either Fed.R.Civ.P. 56(a)(3) [*2] or (e) or Fed.R.Evid. 802 or 803 in that they are not Affidavits or otherwise certified documents, and that they are heresay under Rule 801.

The court denies Russo's Motion to Strike. First, the Police Defendants respond by stating that neither memorandum is being offered to prove the truth of the documents, and thus are not hearsay. Rather, the Police Defendants offer them to prove what Chief Croughwell was aware of at the time he made various decisions pertinent to this case. Alternatively, the court would not strike the documents or the Rule 56(a)(1) Statements that rely upon them because, although not yet established as records under Fed.R.Evid. 803(8), they have the appearance of, and thus would purport to be, public records. The memoranda were clearly prepared by both Roberts and Lilley in connection with their duties as police officers. The Hartford Police Department ("HPD") drug testing policy requires the preparation of such memorandum. They clearly have been preserved as part of the HPD records. Deposition testimony in these cases lay a foundation for their admission [*3] as business or public records. Finally, Russo has not offered any evidence, or even suggestion thereof, that the memoranda were fabricated, created or are in any other way fraudulent. That he disagrees with the contents of the documents is not a basis to exclude them. Under Local Rule 56(a)(3), these memoranda "would be admissible at trial."

In each of the three consolidated cases, all defendants have moved jointly to strike portions of the Russo's Joint Local Rule 56(a)(2) Statement and, material submitted in support thereof. n1 (respectively, Dkt. Nos. 493, 162 and 56).

> n1 Russo submitted a Joint Local Rule 56(a)(2) Statement in opposition to all of the defendants' motions in each of the three consolidated cases. Defendants object to this as violative of the rule, arguing that a separate one should have been filed in response to each summary judgment motion, or in each case. The court finds nothing inherently wrong with it and certainly no reason why it was inappropriate for Russo to do so in these cases. Therefore, to the extent defendants' motion sought to strike the Local Rule 56(a)(2) Statement in its entirety because it was "joint," that portion of the Motion is denied.

[*4]

First, defendants move to strike Exhibits A through O and Q through Z, offered by Russo in opposition to the defendants' summary judgment motions, and cited in support of the plaintiff's Joint Local Rule 56(a)(2) Statement. The court grants this part of the Motion, in part, as to Exhibits G, K and L. Exhibit G is "a comprehensive management study of the Hartford Police Department," which was prepared by Carroll Buracker & Associates, Inc. The court is aware of no deposition testimony by the author of this study, and it would appear to be hearsay. Russo does not oppose this Motion by suggesting that the Report is offered for some other purpose or providing a basis for its admission.

With respect to Exhibit K, the court observes that it is a hand-written memorandum, which is signed by "B." The court has nothing before it to authenticate it, let alone to identify this covering memorandum. The court, however, will not grant the Motion to Strike as to the attached "Arbitration Award" for reasons which will be discussed below.

Finally, the court will grant the Motion to Strike with respect to Exhibit L, which is hand-written. The author is not known to the court, and no offer has been [*5] made to authenticate it by Russo, other than to flatly assert that all of these have been authenticated, without any citation or attached documents to support that assertion.

With the remaining Exhibits A through O and Q through Z, and the remaining portion of Exhibit K, the court denies the Motion. The remaining documents are all type-written, identify themselves, and, assuming their relevance, likely authenticate and admissible at trial. (See, for example, Exhibit A, "Agreement between the City of Hartford and the Hartford Police Union"). Defendants do not specifically attack any of these remaining documents by suggesting that they are fraudulent or "created" for purposes of litigation. Therefore, for all of these reasons, this aspect of the Motion to Strike is granted and denied in part.

Defendants next move the court to strike Exhibits 1 through 35, which exhibits were submitted by Russo in support of his Opposition to the Motions for Summary Judgment. The court notes that numerous of these numbered exhibits (Exhibit 22, 25, 27-30, 32) are documents written by Nicholas Russo. These documents would certainly not be admissible at trial by Russo if offered for the truth. However, [*6] the court will treat the contents

Case 3:02-cv-01313-SRU    Document 70-2    Filed 11/14/2005    Page 3 of 6

Page 3
2004 U.S. Dist. LEXIS 21092, *

of the documents as evidence which he could give at trial even though Affidavits are normally required under Rules 56. With respect to the remaining documents, they appear to be records or letters or documents written by members of the HPD or defendant/parties to this lawsuit, and therefore are exhibits that would appear to be admissible at trial. Local Rule 56(a)(3).

The defendants also move to strike certain portions of the Affidavit of Russo: paragraphs 5, 6, 11 and portions of 7 and 8. They make this motion on the ground that these portions of the Affidavit are not based upon Russo's personal knowledge or contradict his sworn testimony. The court grants this aspect of the Motion to Strike in part, and denies it in part. With respect to paragraph 5, the court grants the Motion to the extent Russo sought to offer this paragraph for the truth. Russo acknowledges it is hearsay. To the extent he offers this paragraph for some other purpose then the truth, the motion is denied. With respect to paragraph 6, the Motion is granted. There is no evidence or foundation offered to support this assertion by Russo. With respect to paragraph 7, it is granted [*7] as to that part of 7 that the Motion is directed to: the sentence is really nothing more than argument, as opposed to an assertion of a fact. With respect to paragraph 8, it is denied. With respect to paragraph 11, the Motion is denied.

The defendants further move to strike Exhibit 36 along with the transcripts of Huertas, Lyons, Roberts, Edelwich, Croughwell and Reynolds because they are not properly certified by a court reporter and are unreliable. The court denies the Motion to Strike in this respect. The court does so because it accepts what is implicit in the submission, that is, counsel's representation that these transcripts are what they purport to be and have not been tampered with. If they are not what they purport to be, and have been in some respect altered from the official record, opposing counsel should have brought that to the court's attention by specifics and with a copy of the certified transcript.

Next, the defendants moved to strike portions of a large number of the paragraphs contained in Russo's Joint Rule 56(a)(2) Statement, on various grounds.

**1. Statements unsupported by relevant or admissible evidence.**

Defendants move to strike a portion of [*8] paragraph 2 that alleges: "Head investigator" and "The Hartford Police Department ('HPD') had arrested the wrong person." The court grants this Motion as to these portions of paragraph 2 on the ground it is not supported by the cited deposition.

The defendants move to strike portions of paragraph 5 as alleges: "Over his career, Russo had 28 investigations leading to 28 convictions for homicide." The Motion is granted to the extent that the cited deposition pages were not submitted and thus the Statement is unsupported.

The defendants move to strike a portion of paragraph 20, which is granted because the cited deposition pages were not submitted.

The defendants move to strike a portion of paragraph 27, which is denied because the allegation is supported by the cited deposition.

The defendants move to strike paragraph 29, which is denied because the Statement is supported by the cited testimony.

The defendants move to strike a portion of paragraph 47, which the court grants because the cited depositions do not support the statement.

The defendants move to strike a portion of paragraph 48, which is denied.

The defendants move to strike a portion of paragraph 56, which is granted. [*9]

The defendants move to strike a portion of paragraph 57, which is granted on the grounds that the cited depositions do not support the statement.

The defendants move to strike a portion of paragraph 60, which is granted because the cited Croughwell deposition does not support the statement.

The defendants move to strike paragraph 66, which the court grants because the cited Croughwell deposition does not support the statement.

The defendants move to strike a portion of paragraph 74, which the court grants because the (corrected) cited deposition page does not support the statement.

The defendants move to strike a portion of paragraph 76, which the court denies.

The defendants move to strike a portion of paragraph 82, which the court grants because the page cited from the Croughwell deposition was not submitted.

The defendants move to strike paragraph 86, which the court denies.

The defendants move to strike paragraph 88, which the court denies.

The defendants move to strike a portion of paragraph 112, which the court grants with respect to the words "Casati, and Croughwell" as well as "discussed illegal disclosures of Russo's medical treatment" because these portions are [*10] not supported by the cited depo-

Case 3:02-cv-01313-SRU   Document 70-2   Filed 11/14/2005   Page 4 of 6

Page 4
2004 U.S. Dist. LEXIS 21092, *

sitions and the cited pages of the Croughwell deposition are not provided.

The defendants move to strike paragraph 113, which the court denies because the cited deposition supports the statement.

The defendants move to strike paragraph 114, which the court similarly denies.

The defendants move to strike a portion of paragraph 116, which the court grants.

The defendants move to strike a portion of paragraph 120, which the court grants because the citations do not support the statement.

The defendants move to strike paragraph 123, which the court grants because the cited page of Roberts deposition does not expressly support the statement, and testimony directly contrary to the statement appears within a page of the cited page.

The defendants move to strike paragraph 127, which the court grants because the cited deposition page was not submitted.

The defendants move to strike paragraph 138, which the court grants because the cited deposition page was not submitted, and Exhibit 21 alone does not support the statement.

The defendants move to strike a portion of paragraph 147, which the court grants because the cited deposition does not support that [*11] portion.

The defendants move to strike a portion of paragraph 151, which the court grants because the cited deposition does not support that portion.

The defendants move to strike paragraph 152, which the court grants because the cited Exhibit does not support the paragraph.

The defendants move to strike a portion of paragraph 153, which the court grants because certain of the cited pages were not submitted, and of those submitted, the statement in paragraph 153 is not supported by them.

The defendants move to strike a portion of paragraph 158, which the court grants because the cited deposition page was not submitted.

The defendants move to strike paragraph 162, which the court grants.

The defendants move to strike paragraph 164, which the court denies because the cited reference supports the statement.

The defendants move to strike paragraph 167, which is granted. The court views this statement of "fact" as really nothing more than argument. To the extent the plaintiff would suggest that it is "fact," the citation to "Plaintiff's 56(a)(2) Statement, Sections I-IX, is unavailing because it references "facts" which are unrelated to this statement of "fact."

The defendants [*12] move to strike a portion of paragraph 173, which is granted.

The defendants move to strike paragraph 187, which is granted in part. The phrase "around April or May 2002" is not supported by the cited Exhibit nor is the portion "Russo was unpaid at this time." These portions are stricken. The argument inserted in the middle (implied in letter that it was not safe to go to HPD, they sent him to Manchester) is also stricken as not supported by the cited reference and as argument. The remainder of paragraph 187 is denied as the statements are supported by the cited reference.

The defendants move to strike paragraph 189, which is denied except with respect to the word "August" which is stricken. The cited Exhibit supports the paragraph, except that the Exhibit references a September date.

The defendants move to strike paragraph 191, which is denied except to the extent that it alleges that the letter stated that "Russo cannot work." The Exhibit supports paragraph 191 except that it states that Dr. Hall "advises Russo not to work."

The defendants move to strike paragraph 192, which the court grants.

The defendants move to strike paragraphs 193 and 194, both of which are denied on [*13] the grounds that they are supported by the cited reference.

The defendants move to strike paragraphs 195 and 197, which the court grants on the grounds that the statement is unsupported by the documents cited (or that the document cited cannot be discerned by the court on their face to support the statement).

The defendants move to strike paragraphs 196 and 198, which the court denies on the grounds that the cited Exhibits support the statements in those paragraphs.

The defendants move to strike paragraph 199, which the court grants. The plaintiff has cited nothing in support of this statement, and while the court is aware of what it did, the statement contains further allegations of fact as to which the court cannot take judicial notice.

The defendants move to strike paragraph 207, which the court denies on the grounds that the paragraph is supported by the cited Exhibit.

The defendants move to strike paragraph 214, which the court grants on the grounds that the plaintiff cited nothing to support the statement.

The defendants move to strike paragraph 216, which the court denies except to the extent that the statement asserts that "John Shea . . ." assisting . . . ." There is [*14] no basis for this assertion in the Exhibit cited.

The defendants move to strike paragraph 218, which the court grants in part as to the portion "appeal the Commissioner's decision" and denies with respect to the remaining portion as it is supported by the cited Exhibit.

The defendants move to strike paragraph 219, which the court denies because the statement is supported by the cited Exhibits.

The defendants move to strike paragraph 220, which the court denies on the grounds that the statement is supported by the cited Exhibits.

The defendants move to strike paragraph 221, which the court grants in part to the extent of the portion "since 1997" and "repeatedly." In all other respects, the Motion is denied.

The defendants move to strike paragraph 222, which the court grants on the grounds that the statement is unsupported by the cited Exhibit.

The defendants move to strike paragraph 223, which the court grants as the statement is not supported by the cited Exhibit.

The defendants move to strike paragraph 235, which is granted with respect to "in violation of G.O. 8-1" and "which Russo was not," but denied with respect to the remainder.

The defendants move to strike paragraph [*15] 236, which the court grants in part as to "Flaherty," and otherwise denies.

The defendants move to strike paragraphs 237 and 238, which the court denies.

The defendants move to strike paragraph 239, which the court grants.

The defendants move to strike paragraph 240, which the court grants on the grounds that there is no basis for the assertion concerning "was violated" and the court is unable to comprehend what the rest of the statement of fact is, i.e., "and, will assure . . . ."

The defendants move to strike paragraph 241, which the court denies.

The defendants move to strike paragraph 243, which the court denies with respect to the first sentence, but grants with respect to the second sentence.

The defendants move to strike paragraph 244, which the court grants as the statement is unsupported by the Exhibit.

The defendants move to strike paragraph 245, which the court denies as to the portion of the statement up to the word "and" and granted with respect to the rest of the statement as unsupported by the cited Exhibit.

The defendants move to strike paragraph 246, which the court denies as to the first portion of the statement, but is granted as to the portion which [*16] begins "Russo was never . . ." as that portion is unsupported by the cited Exhibit.

The defendants move to strike paragraph 260, which the court denies.

The defendants move to strike paragraphs 266 through 270, which the court grants as there is no cited support for any of these paragraphs, except paragraph 269, the cite for which was not submitted.

The defendants move to strike paragraph 273, which the court grants. No material from these cases (or reported case cites) is provided by the plaintiff to enable the court to determine if they support the asserted "fact."

**2. Cited deposition testimony not based on personal knowledge.**

Defendants move to strike various other paragraphs of the Plaintiff's Joint 56(a)(2) Statement on the grounds that these paragraphs are supported by cited deposition testimony, which testimony defendants argue is not based upon personal knowledge.

With respect to a portion of paragraph 36, the Motion is granted on the grounds that the cited deposition transcript includes no personal knowledge of the fact asserted.

With respect to a portion of paragraph 57 which the defendants move to strike, the Motion is granted.

With respect to the Motion [*17] to Strike paragraph 60, the Motion is granted. The cited deposition page was not submitted.

With respect to a portion of paragraph 147, the Motion is granted. Russo admitted that he had no personal knowledge of the matters contained in the portion of the paragraph to be stricken.

With respect to a portion of paragraph 148, the Motion is granted. The plaintiff acknowledged that he does not have personal knowledge of the "fact" set forth in that portion of the paragraph.

Case 3:02-cv-01313-SRU   Document 70-2   Filed 11/14/2005   Page 6 of 6

Page 6
2004 U.S. Dist. LEXIS 21092, *

With respect to paragraph 156, the Motion is granted on the grounds that Russo does not have personal knowledge of the matters contained herein.

With respect to paragraph 157, the Motion is granted on the same grounds. With respect to portions of paragraph 253, the Motion is granted on the grounds that neither of the persons whose depositions are cited had personal knowledge of what the plaintiff sets forth.

With respect to paragraph 255, the Motion is granted. Croughwell only testified that he was aware of "allegations."

**3. Evidence not previously disclosed.** Defendants move to strike portions of various paragraphs of the joint Local Rule 56(a)(2) Statement on the grounds that these paragraphs rely upon [*18] evidence which was not previously produced to the defendants despite requests for production.

With regard to paragraphs 19 and 21, they are stricken because they rely on an "FBI Sentencing Memo," which was not submitted to court. With regard to paragraphs 22, 23-5, 28, n2 91, 97, 99, 115, n3 117-8, 120 n4, 121, 125-6, 129 and 273, they are stricken because none of the referenced material was produced to the court.

   n2 The first sentence only is stricken.

   n3 One of the referenced items in support was submitted but it does not support the statement.

   n4 One of the referenced items in support was submitted but it does not support the statement.

**SO ORDERED.**

/s/ Janet C. Hall

Janet C. Hall

United States District Judge