# AGREEMENT BETWEEN THE

# THE STATE OF CONNECTICUT

# AND

# SECTION 1208 PARTICIPANTS

## PURPOSE:

This Memorandum of Agreement(MOA) is entered into between the State of Connecticut Counterdrug Coordinator(hereinafter "CDC"), and the state law enforcement agency (hereinafter "LEA"), to set forth the terms and conditions which will be binding on the parties with respect to excess Department of Defense(DoD) personal property which is transferred pursuant to the National Defense Authorization Act of 1990/1991, and to promote the efficient and expeditious transfer of the property.

## AUTHORITY:

The Secretary of Defense is authorized by Section 1208 of the National Defense Authorization Act for Fiscal Years 1990 and 1991(Public Law 101-189), as amended, to transfer to Federal and State Agencies, for counterdrug activities, personal property that is excess to the needs of the DoD and suitable to be used by such agencies in counterdrug activities under such terms prescribed by the Secretary. On October 1, 1995, the Secretary of Defense transferred this responsibility to the Defense Logistics Agency.

The State Governor is authorized by Section 1208 to designate a point of contact(POC) to oversee the transfer of excess property to state and local LEAs. On November 24, 1993 Governor Weicker appointed Major General David W. Gay, the Adjutant General, as the State Counterdrug Support POC. The Adjutant General appointed the State CDC as the State Counterdrug Support Action Officer.

-2-

## TERMS AND CONDITIONS:

The CDC has the authority to determine the type, quantity, and location of excess personal property suitable for use in counterdrug activities, if any, that will be transferred to the LEA. Property available under this agreement is for the use of authorized program participants; not for speculative/possible future use. Property may not be obtained for the purpose of sale, lease, rent, exchange, barter, to secure a loan or to otherwise supplement normal State/Drug Law Enforcement Activity(DLEA) budgets. All requests for property must be based on bona-fide counterdrug requirements. The requisitioning of condition code "A" property for the purpose of cannibalization is not authorized. Any repair, maintenance, insurance, or other expenses associated with these items is the sole responsibility of the LEA. Property obtained under this MOA must be placed into use within one year of receipt and utilized for a minimum of one year, unless the condition of the property renders it unusable.

Aircraft(fixed-wing and rotary), Flight Safety Critical Aircraft Parts(FSCAP), Specialized Equipment, and Munitions List Items(MLI) requiring demilitarization may be transferred to the LEA for its use in counterdrug operations. Such items will be returned to and received by the DLA(i.e., closest Defense Reutilization and Marketing Office[DRMO]) when no longer needed for counterdrug operations. Such action will be coordinated with the CDC. Exceptions to this policy are as follows:

- States/DLEAs which provide evidence to DLA that aircraft are/will be maintained under Federal Aviation Administration(FAA) maintenance and repair guidance will be allowed to permanently retain the aircraft after a period of five years.

- LEAs are permitted to exchange aircraft and FSCAP with other authorized LEAs, provided the aircraft and components are maintained under FAA maintenance and repair guidelines and provided further that the LEAs perpetuate repair and maintenance documentation.

- LEAs may dispose of Strategic List/MLI(only those that do not require demilitarization). This procedure must comply with all state and local laws and not hold Connecticut Counterdrug Operations, the State of Connecticut, or the United States Government liable in any way. These items require the U.S. Department of State or Commerce license for export. In lieu of such procedures, and with prior coordination with the CDC, the LEA has the option of returning such items to the closest DRMO or transferring to other authorized LEAs, when no longer required for counterdrug use.

- LEAs must return all demilitarized equipment, regardless of condition, to the DoD through coordination with the CDC.

- Except where indicated in this MOA, the LEA may dispose of other types of property in accordance with State and local laws when it is determined by the CDC and/or the LEA to be no longer needed for counterdrug use.

The corresponding Chief of Police or equivalent to identified below represents that he/she is authorized to enter into this agreement on behalf of their department. This individual will act as the POC for the LEA that desires excess personal property, coordinating their non-operational counterdrug requests with the CDC. Title is granted to the LEA, except for those items identified in this MOA as requiring return to DoD. Costs of shipping or repossession of the property by the U.S. Government will be borne by the LEA.

To the extent permitted by State law, the LEA shall indemnify and hold the U.S. Government harmless from any and all suits, actions, demands or claims of any nature arising out of the use of the property. The LEA will maintain adequate insurance to cover damages or injuries to persons or property relating to the use of the property. Self insurance coverage is considered acceptable. The DoD and the State of Connecticut assume no liability for damages or injuries to any person or property arising from the use of the property.

## THE CDC SHALL:

a. Receive applications for participation in this program from the state LEAs and validate their law enforcement mission prior to forwarding to DLA for approval as an authorized LEA.

b. Forward requests for excess property which are necessary to meet requirements for LEA counterdrug efforts. Assure the recipient LEA is identified on all requisitions.

c. Be responsible for the allocation of property to qualified LEAs. Assure the LEAs agree to maintain, at no expense to the U.S. Government, adequate liability and property insurance coverage and workmen's compensation insurance to cover any claims.

d. Identify to LEAs property requiring demilitarization and the special controls on MLI/SLI, and FSCAP.

-4-

e. Control and maintain accurate records on all property obtained under this MOA in accordance with pertinent State property laws and regulations. These records should identify the destination/receiving LEA or disposition of equipment transferred and must be made available for review by the DoD or its agents upon request.

# THE LEA SHALL:

a. Submit application for participation in this program on department letterhead to CDC. The application must include the following:

   1) size (number of sworn officers) and location, include jurisdiction of agency
   2) nature of drug activities in geographic area a counterdrug operations conducted by agency
   3) name and phone numbers of no more than two equipment screeners (must be sworn officers)
   4) DRMO locations at which agency desires to screen property

b. Ensure that agency screeners do the following:

   1) Contact DRMO for screening appointment.
   2) Request "Same Day Pick-up" authorization if desired from CDC no less than two days prior to travel.
   3) Have screener letter in hand upon entry to DRMO.
   4) Abide by all DRMO regulations and restrictions.
   5) Clearly and completely fill out DRMS Form 103(EQUIPMENT REQUEST) and send to CDC.
   6) Contact DRMO periodically after tagging equipment as to status of request.
   7) Provide copy of DD FORM 1348(SINGLE ITEM RELEASE/RECEIPT DOCUMENT) to CDC within 10 days of equipment pickup.
   8) Submit no more than two DRMS FORMS in a month.

c. Control and maintain accurate records on all property obtained under this MOA in accordance with pertinent State property laws and regulations. These records should identify the disposition of equipment transferred and must be made available for review by the CDC or his/her staff upon request.

-5-

    d. Allow a maximum of two(2) screeners to physically screen at any DRMO. The screeners must be named in a "letter of authorization" provided to the CDC, to be updated annually, or as changes occur.

    e. Assure that all environmentally regulated property is disposed of in accordance with applicable Federal, State and local environmental laws and regulations.

    f. Assure that all weapons are registered with the U.S. Treasury Department's Bureau of Alcohol, Tobacco and Firearms.

    g. Fully comply with the terms, conditions and limitations applicable to property transferred pursuant to this agreement.

## NOTICES:

CDC may propose modifications or amendments to the provisions of this MOA. In such cases, reasonable opportunity will, insofar as practicable, be afforded the LEA to conform to change affecting their operations. Violations of this MOA may result in removal of the LEA in the 1208 Program.

## TERMINATION:

This MOA may be terminated by either party, provided the other party receives thirty(30) days notice, or as otherwise stipulated by Public Law.

IN WITNESS THEREOF, the parties hereto have executed this agreement as of the last date written below.

_____
LARRY FITZGERALD
MAJOR, CT ARMY
    NATIONAL GUARD
Counterdrug Coordinator

Date 22 JUL 96

Agency **CT STATE POLICE**

Title   **COMMISSIONER**

Date _____

REQUEST FOR EXAMINATION
OF PHYSICAL EVIDENCE
*DPS-997-C  (Rev. 09/95)*

**Department of Public Safety**
**Division of State Police**
**Forensic Laboratory**
**278 Colony Street**
**Meriden, CT   06451**
**(203) 639-6400**

FOR LABORATORY USE ONLY
Lab Case #: ID 97A 01831/1
Receipt #: 58975
Town Code:
Crime Code:

CASE PREVIOUSLY SUBMITTED? [ ] YES  [X] NO  IF YES, LAB ID#:

EVIDENCE EXAMINED BY ANY OTHER AGENCY? [ ] YES  [X] NO

SUBMITTING AGENCY: CSP- CDMC
ADDRESS: #1, 294 Colony Street, Meriden
TELEPHONE NUMBER: 203-238-6234
CASE NUMBER: I97-008334

TYPE OF INCIDENT: Larceny
LOCATION: #1 Undercliff Rd., Meriden, Ct.
DATE: 01-09-97

| Victim(s) Name(s): | D.O.B. | Race | Sex | Suspect(s) Name(s): | D.O.B. | Race | Sex |
|---|---|---|---|---|---|---|---|
| Dept. of Public Safety | - | - | - | Eugene D'Angelo | 9-24-56 | W | M |
| | | | | | | | |
| | | | | | | | |

Summary of Case: North Star Investigation.

| Item #: | Name and Description: | Type of Examination Requested: |
|---|---|---|
| 10 | One Micro Cassette (1-7-97) | Make two copies on Cassette Tapes |
| ~~(BCM) ~~~~~~~~~~~~~~~~~~~~ (BCM)~~ | | ~~Make two copies on Cassette Tapes~~ |
| 13 | One Cassette tape | Make two copies on Cassette Tapes |
| | | REGULAR SIZE CASSETTE TAPES. |
| | | |

* Use back of form for additional items

Remarks: ** Please make copies of Micro Cassette Tapes to Regular Size Cassette tapes.

Person requesting examination (PLEASE PRINT): Lt. John Mannion        Date: 05-05-97

DEPARTMENT OF THE ARMY
HEADQUARTERS, CONNECTICUT ARMY NATIONAL GUARD
NATIONAL GUARD ARMORY
360 BROAD STREET
HARTFORD, CONNECTICUT 06105-3795
July 26, 1996

RECEIVED
AUG 0 5 1996
COMMISSIONER'S OFFICE

To the Commissioner:

On 1 April 1996 the Department of Defense(DoD) transferred the responsibility of overseeing the 1208 program to the Defense Logistics Agency(DLA). The DLA subsequently issued a revised Memorandum of Agreement(MOA) between its' office and all state 1208 coordinators. The DLA also required all state 1208 coordinators to compose an MOA between the individual state and the law enforcement agencies that it supports.

Outlined in each MOA is that the state coordinator and the law enforcement agency must maintain their own accurate records on all property obtained under the 1208 program. These records must be made available for review by the DLA or my office upon our request. My office's audit trail consists of the following:

a) agency application letter
b) agency signed MOA
c) DRMS Form 103(Request for Equipment)
d) DRMS Form 1348(Receipt of Equipment)
e) DLA's monthly inventory list of equipment distributed
f) annual accountability letters

Through this audit trail I can provide the DLA with; (1) your department's initial request to participate in the 1208 program, which will now include the signing of the MOA to attest full understanding of the rules and regulations of the 1208 program, (2) your department's request for actual equipment which has been screened, (3) your department's confirmed receipt of the equipment, (4) the DLA's list of equipment distributed which is then compared with the DRMS Forms 103 and 1348, and (5) the annual accountability letters which reconfirm the receipt of equipment and assures that you, as the Commissioner, are aware of all major equipment received by your department through the 1208 program.

It also gives myself an updated inventory that I can use to prioritize the destination of limited equipment in the future. Therefore, it is essential that your actual equipment "on hand" coincides with my records so I can justify future allocations. Furthermore, a continual correspondence of accountability between our offices and within your department will help alleviate common problems that often arise during changes in command or other pertinent positions. It is also crucial that your department records detail the disposition of equipment that is "not on hand" (i.e. disposal process, transfer or sales receipt, etc.). This will complete your department's audit trail.

I have enclosed the annual 1208 program accountability letters and two(2) originals of the 1208 program MOA between your department and the State of Connecticut. The accountability letter and one(1) original copy of the MOA must be signed by you, the Commissioner, and returned to my office no later than 3 September 1996. The other one(1) original copy must be kept in your department's records. Failure to complete and return either of these items will result in your department's dismissal from the 1208 program and collection procedures will begin on all corresponding demilitarized equipment.

The 1208 program is constantly growing and improving. If your department has not been active in the past year I strongly encourage you to contact me. My office will provide your department with updated information on the 1208 program as well as other counterdrug support programs that are available to local agencies. Any questions pertaining to this matter can be addressed to SSG Daniel Jewiss or myself at (860)524-4980.

Sincerely,

Larry Fitzgerald
Major, CT Army National Guard
Counterdrug Coordinator