**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EUGENE D'ANGELO | : | NO. 3:02CV1313(SRU) |
| *Plaintiff,* | : | |
| | : | |
| VS. | : | |
| | : | |
| KENNETH KIRSCHNER, ET AL. | : | |
| *Defendants.* | : | AUGUST 25, 2006 |

**THE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION**
**TO THE PLAINTIFF'S MOTION FOR RECONSIDERATION**

The defendants object to the plaintiff's motion for reconsideration filed on July 21, 2006. As an introductory matter, the plaintiff has recently filed a notice of appeal with the Second Circuit Court of Appeals which would appear to have rendered this motion moot. Nonetheless, for the sake of completeness, the defendants will discuss the arguments advanced by the plaintiff.

**I.    DISCUSSION**

The plaintiff first requests the court to reconsider its decision to deny as moot the plaintiff's motions to strike defendants' affidavits, Local Rule statement, and exhibits. The court held that it need to rule on these motions given that it was abundantly clear that the plaintiff had not established that there were material issues of fact in dispute.

The plaintiff argues that the court relied upon the arrest warrant affidavit in making its decision and that the arrest warrant affidavit should not have been considered since it is not a

certified copy from the Connecticut Superior Court. (Pl.'s Mem. at 2.) The plaintiff's arguments is ill-founded. First, there is absolutely no reason to think that the warrant presented to the court in the defendants' motion for summary judgment is not an accurate copy of that signed by Superior Court Judge Licari. The copy of the affidavit is also the same as the plaintiff used as an exhibit in depositions that he conducted of Lt. John Mannion and State's Attorney Dearington. If the plaintiff has reason to suspect that it is a forgery, has pages missing or has been altered, he should present this evidence.

Turning next to the plaintiff's claim that the court should not have dismissed is claim for illegal search and seizure, that claim is equally without merit. Even if such a claim were not time-barred, the evidence the defendants submitted on this issue was overwhelming. The only search warrant in this case was signed by Detective Edward Kushner, who is not a defendant. In addition, each of the defendants submitted an affidavit in which he indicated that he had no involvement in the drafting of the search warrant. The plaintiff presented no evidence tending in any way to undermine these sworn statements. In fact, the plaintiff did not even discuss this issue in his memorandum in opposition to summary judgment.

Turning to the plaintiff's claim that the court should reconsider its ruling with respect to the reasonableness of the arrest, the plaintiff against fails to present any evidence from which a reasonable trier of fact could find that arguable probable cause was lacking. The plaintiff points

out that the count concerning the meat grinder was in larceny and that an intent. He alleges that Commissioner Kirschner gave him permission to give the meat grinder to his neighbor, Pasquale DiChello. The plaintiff alleges that this was "exculpatory information" that he was obligated to disclose. However, there is no evidence that defendant Mannion knew that this was the plaintiff's defense at the time he presented the warrant to the court. (See Affidavit of Eugene D'Angelo.) Even if defendant Mannion had known that this was the plaintiff's version of events and had failed to so disclose this in the affidavit, this does not provide reason for changing the court's ruling. If the affidavit is "corrected" with the missing information, there would still have been probable cause.

The plaintiff acknowledges that the Court of Appeals in Jaegly v. Couch, 439 F.3d 149 (2d Cir. 2006) held that probably cause for an arrest exists so long as there is probable cause for one of the counts. The plaintiff argues that since Jaegly concerned only false arrest, the court should not apply its reasoning to a claim of malicious prosecution. Concerning a federal malicious prosecution claim, it is clear that such a claim stands or falls on the validity of the arrest, which has shown to have been reasonable. As far as a state malicious prosecution claim, this court has dismissed that claim without prejudice to its being filed in state court. Hence, whether Connecticut courts would apply the reasoning of Jaegly in a state malicious prosecution cases is not an issue this court need reach.

II.    **<u>CONCLUSION</u>**

For the reasons set forth above, and in addition those that were presented to the court in the defendants' motion for summary judgment, the plaintiff's motion for reconsideration should be denied.

DEFENDANTS,
Kenneth Kirschner, Edward Kasche,
William McGuire, Andrew Russell,
John Mannion, Richard Covello

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____/s/_____
Neil Parille
Assistant Attorney General
Federal Bar No. ct15278
110 Sherman Street
Hartford, CT  06105
Telephone No.: (860) 808-5450
Fax No.: (860) 808-5591
neil.parille@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid

to the following on this 25th day of August, 2006 to:

Jon Golas, Esq.
Golas, Golas & Golas, PC
945 Main Street, Suite 306
Manchester, CT  06040

_____/s/_____
Neil Parille
Assistant Attorney General