UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EUGENE D'ANGELO,
    Plaintiff,

v.

KENNETH KIRSCHNER, ET AL.,
    Defendants.

CIVIL ACTION NO.
3:02cv1313 (SRU)

## RULING and ORDER

This case principally concerns a false arrest claim brought pursuant to 42 U.S.C. § 1983, but also involves related state and federal law claims. I assume the parties' familiarity with the facts. In September 2005, defendants filed a motion for summary judgment. On July 13, 2006, I heard oral argument on all claims. Following oral argument, I granted summary judgment in favor of defendants on all federal claims, and I dismissed the state law claims without prejudice to bringing them in state court. I denied as moot D'Angelo's motions to strike. On July 24, 2006, D'Angelo filed a motion for reconsideration and a motion to vacate my July 13th ruling. The motion to vacate is essentially the same motion as the motion for reconsideration. For the reasons that follow those motions are denied.

**I.    Standard of Review**

In general, there are three grounds that may justify reconsideration: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a

decision has been made." *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005).  It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided. *Id.*  A motion to reconsider should be denied, "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

**II.     Discussion**

D'Angelo complains that my July 13th ruling was incorrect for five reasons: (1) I denied as moot D'Angelo's motions to strike because I indicated that I had not relied upon the defendants allegedly faulty exhibits, but in fact I did rely upon one exhibit, a copy of the arrest warrant; (2) My decision that the search and seizure claim was time-barred is incorrect as a matter of law; (3) If I resurrect a federal claim, I should reconsider my decision to dismiss the state law claims; (4) I incorrectly decided that the arrest warrant, if corrected by supplying the alleged omitted material information, would still support a finding of probable cause; and (5) I should have separately considered the state law false arrest claim and the federal and state malicious prosecution claims, even though I concluded that the corrected arrest warrant supported a finding of probable cause.

A.     <u>Motions to Strike</u>

Rule 56(e) of the Federal Rules of Civil Procedure provides that the materials accompanying a motion for summary judgment must set forth facts that would likely be admissible at trial.  That Rule also requires that certified copies be provided when required. Here, both parties relied upon the arrest warrant application, and both parties would likely seek to admit the arrest warrant application as evidence at trial.  In fact, in order to state a prima facie

case for false arrest made pursuant to a facially valid arrest warrant, D'Angelo would have to introduce the arrest warrant into evidence, and then "correct" the warrant. Although the record copy of the arrest warrant may technically violate the Rule, for practical purposes the parties would either procure a certified copy at trial or stipulate to the use of the non-certified copy. Thus, there is no manifest injustice, and reconsideration of my decision denying as moot the motions to strike is inappropriate.

B.  Unlawful Search and Seizure Claim

D'Angelo cites *Woods v. Candela*, 47 F.3d 545, 546 (2d Cir. 1995) (quoting *Heck v. Humphrey*, 512 U.S. 477 (1994)), for the proposition that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Thus, D'Angelo argues, I incorrectly dismissed his unreasonable search and seizure claim as being barred by the statute of limitations because the claim did not accrue until D'Angelo's conviction was invalidated.

In the next line of the *Woods* decision, however, the Second Circuit clarified, "The [Supreme] Court exempted from this rule actions that 'even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful,' such as an action founded on an unlawful search whose illegality would not affect the validity of the conviction." *Woods*, 47 F.3d at 546 (quoting *Heck*, 512 U.S. at 477 n.7 (1994)) (emphasis in original). Here, I only dismissed the unreasonable search and seizure claim for failure to meet the statute of limitations – not the false arrest or malicious prosecution claims. An unreasonable seizure "would not necessarily imply" that D'Angelo's conviction was unlawful, and thus, this case falls within the exemption delineated in *Woods*. D'Angelo's cause of action for unreasonable search and seizure accrued in

1997 when he alleges that he was unreasonably searched. Because he did not commence this lawsuit until 2002, that claim is time-barred.

C. False Arrest Claim

D'Angelo argues that I incorrectly applied the *Franks* correcting test delineated in *Soares v. Connecticut*, 8 F.3d 917, 920 (2d Cir. 1993). I should have concluded, according to D'Angelo, that a reasonable juror could have found that a magistrate would have determined that the corrected affidavit did not establish probable cause to arrest D'Angelo for Larceny in the Second Degree. Specifically, D'Angelo argues that I should have considered the fact that D'Angelo swore in his affidavit that Commissioner Kirschner gave him permission to give the meat grinder to Pasquale DiChello. *See* Memorandum in Support of Motion for Reconsideration at 6. That information, D'Angelo contends, proves that he did not have the necessary specific intent to commit the crime of larceny. I disagree. First, D'Angelo did not raise that argument at summary judgment. *See* Memorandum in Opposition to Motion for Summary Judgment at 5-8 (presenting approximately five pieces of allegedly omitted exculpatory material). A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Lopez*, 375 F. Supp. 2d at 21-22. In addition, D'Angelo has not demonstrated that Officer Mannion, the officer who prepared the arrest warrant, knew that D'Angelo believed he had permission to give way the meat grinder.

Finally, even if that piece of information were included in the affidavit, the affidavit would still support an objective finding of probable cause. Probable cause requires only that an officer have "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested."

*Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006). Probable cause is based on the "totality of the circumstances" and does not require absolute certainty. *Id.* That an innocent explanation "may be consistent with the facts alleged does not negate probable cause." *Id.* "Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury." *Id.* at 396. The fact that D'Angelo may ultimately have been able to prove that he did not have the requisite intent for the crime of larceny does not affect the probable cause calculus for purposes of the arrest warrant.

The same is true with respect to D'Angelo's argument regarding his lack of training on the policies and procedures associated with the Northstar program. *See* Memorandum in Support of Motion for Reconsideration at 8. That information, while it might have been useful for D'Angelo's defense, would not have negated an objective finding of probable cause.

D.   Other Charged Crimes

In *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006), the Court of Appeals held that "a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." Thus, it is not necessary to consider whether there was probable cause for each crime with which D'Angelo was charged because the fact that I ruled that there was probable cause with respect to the charge concerning larceny of the meat grinder is dispositive. D'Angelo contends that the holding in *Jaegly* is limited to federal claims of false arrest, and therefore would not apply to his federal and state law claims for malicious prosecution. He has not, however, cited any cases to support the suggestion that *Jaegly* should be so limited. To the contrary, it stands to reason that the same

principle would apply to claims of malicious prosecution. Having already ruled on that claim with respect to the larceny crime, there is no need to consider the other three crimes with which D'Angelo was charged.

    E.    <u>State Law Claims</u>

Having declined to reconsider my rulings with respect to the federal claims, I also decline to reconsider my ruling dismissing the pendent state law claims without prejudice to bringing them in state court. *See* 28 U.S.C. § 1367; *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

### III.    Conclusion

For the foregoing reasons, D'Angelo's Motion for Reconsideration (**doc. # 77**) and Motion to Vacate (**doc. #78**) are **DENIED**.

    It is so ordered.

    Dated at Bridgeport, Connecticut, this 26th day of June 2007.

                                        /s/ <u>Stefan R. Underhill</u>
                                            Stefan R. Underhill
                                            United States District Judge