# MANDATE

Connecticut (New Have
02-cv-1313
Underhill

06-3809-cv
D'Angelo v. Kirschner

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of July, two thousand and eight.

Present:     ROGER J. MINER,
             JOSEPH McLAUGHLIN,
             ROSEMARY S. POOLER,

                  Circuit Judges.

UNITED STATES COURT OF APPEALS
FILED
JUL 2 3 2008
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

---

EUGENE D'ANGELO,

                  Plaintiff-Appellant,

          -v-
                                        06-3809-cv (L), 07-2970-cv (CON)

KENNETH KIRSCHNER, JOHN T. MANNION, RICHARD B. COVELLO, EDWARD KASCHE, WILLIAM T. McGUIRE and ANDREW RUSSELL,

                  Defendants-Appellees.

---

Appearing for Appellant:     Jon Golas, Golas Golas & Golas, P.C., Manchester, CT.

Appearing for Appellees:     Neil Parille, Assistant Attorney General, for Richard Blumenthal, Attorney General of Connecticut, Hartford, CT.

Issued as Mandate:     AUG 1 3 2008

Appeal from the United States District Court for the District of Connecticut (Underhill, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and sentence of said District Court be and it hereby is **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART.**

Plaintiff-Appellant Eugene D'Angelo appeals from the decision of the United States District Court for the District of Connecticut (Underhill, J.), filed June 26, 2007, which denied his motion for reconsideration of the district court's oral ruling of July 13, 2006 granting the defendants' motion for summary judgment on D'Angelo's federal law claims and dismissing his state law claims without prejudice.

This case arises from D'Angelo's 1997 arrest by Connecticut law enforcement officials who charged him with two counts of Bribe Receiving, in violation of Conn. Gen. Stat. Section 53a-148, and two counts of Larceny in the Second Degree, in violation of Conn. Gen Stat. Section 53a-123. These charges arose from D'Angelo's role in the Connecticut State Police's participation in the Northstar Program, an undertaking pursuant to which the U.S. Department of Defense provides surplus military equipment to state law enforcement agencies for use in combating drug trafficking. D'Angelo was a State Trooper who administered the distribution of Northstar Program equipment to local law enforcement agencies. After an investigation, which included the search of D'Angelo's residence pursuant to a warrant, Connecticut law enforcement officials determined that D'Angelo had taken bribes in exchange for effecting certain requests for Northstar Progam equipment and that he had distributed some equipment to parties not eligible to receive it.

The course of D'Angelo's prosecution is not immediately clear from the record. What is clear, however, is that on July 15, 1999, Judge Fasano of the Superior Court for New Haven County orally granted the prosecution's request that "the case should be nolled . . . . in large part based upon prosecutorial discretion." Then on July 3, 2002 D'Angelo filed a complaint in Connecticut Superior Court for the Judicial District of Hartford against defendants Kirschner, Mannion, Covello and Kasche, stating federal law claims for false arrest and unlawful search and seizure in violation of 42 U.S.C. Section 1983, and state law claims for intentional infliction of emotional distress, "willful, wanton and reckless behavior," defamation of character, invasion of privacy, and malicious prosecution. On July 30, 2002 the defendants removed the action to U.S. District Court for the District of Connecticut. As already noted, Judge Underhill subsequently granted the defendants' motion for summary judgment on D'Angelo's federal law claims and dismissed his state law claims without prejudice.

On this appeal, D'Angelo raises three objections to Judge Underhill's rulings. We find two of these to be meritless, but also find that the third requires us to vacate in part and remand for further proceedings.

**A. Probable Cause to Arrest Claim.** D'Angelo argues that, whatever formal written policies existed for the administration of the Northstar Program, the program was actually run in a throughly standardless manner. As D'Angelo's counsel stated before Judge Underhill, "there were no rules, there were no defined rules stating what he could do with" the Northstar equipment. Or, as stated in his brief on this appeal, "D'Angelo never knew what items he was

allowed to dispose of and to whom he was allowed to give these items to. The facts show that D'Angelo did not know the terms and conditions that the Northstar program was allegedly governed by."

Assuming <u>arguendo</u> that this utter lack of standards in fact existed, it is undisputed that the application for the warrant to arrest D'Angelo contained no indication that this was the manner in which the Northstar Program was administered. And this, D'Angelo argues, was a fatal omission because inclusion of this information would have "negate[d] probable cause in that [it] show[s] D'Angelo did not have the intent" to commit any crime. In other words, because he reasonably believed everything was permitted with respect to the Northstar Program, D'Angelo could not have believed that he was doing anything wrong.

Probable cause to arrest requires a demonstration that the arresting officers possessed "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." <u>Zellner v. Summerlin</u>, 494 F.3d 344, 368 (2d Cir. 2007). D'Angelo makes no effort to demonstrate that this standard was not met by the quite extensive investigation described in the application for the arrest warrant. What he argues instead is that an innocent explanation existed for the conduct set forth in the application. But, as Judge Underhill correctly found, that an innocent explanation "may be consistent with the facts alleged does not negate probable cause." <u>Panetta v. Crowley</u>, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks omitted).

**B. Unlawful Search and Seizure Claim.** Judge Underhill granted summary judgement concerning D'Angelo's unlawful search and seizure claim arising from the January 29, 1997 search of his residence, holding that the claim was clearly time barred under the applicable three-year statute of limitations. On appeal, D'Angelo does not deny that a cause of action for unlawful search and seizure generally accrues from the date of the unlawful search. Rather, he argues that his claim should be subject to equitable tolling because he "did not have enough information at the time of the execution of the search warrant . . . to bring suit." Specifically, he argues that he did not receive the warrant itself at the time of the search and therefore "did not learn that there were material omissions and misrepresentation in the search warrant application until he saw the document." D'Angelo, however, does not make any allegation that the search warrant was unavailable to him before his case was dismissed on July 15, 1999 and therefore presents no reason as to why equitable tolling is applicable here.

**C. The Malicious Prosecution Claim.** In considering D'Angelo's probable cause to arrest claim, Judge Underhill specifically found that probable cause to arrest D'Angelo existed as to one count of larceny involving D'Angelo's allegedly improper gift of a meat grinder. Citing <u>Jagely v. Couch</u>, 439 F.3d 149, 154 (2d Cir. 2006), he then held that "'it is not relevant whether probable cause existed with respect to each individual charge' . . . . Thus, it is not necessary to consider whether there was probable cause for each crime with which D'Angelo was charged because the fact that I ruled that there was probable cause with respect to the charge concerning larceny of the meat grinder is dispositive" as to all four counts against him. Relying again upon <u>Jagely</u>, Judge Underhill then dismissed the malicious prosecution claims on the ground that the presence of probable cause for D'Angelo's arrest defeated all of these claims. But <u>Jagely</u> did not involve a malicious prosecution claim and its holding is not applicable to such a claim. On the contrary, it is error "to conflate probable cause to arrest with probable cause to believe that

[D'Angelo] could be successfully prosecuted." <u>Posr v. Court Officer Shield No. 207</u>, 180 F.3d 409, 417 (2d Cir. 1999).

Under Connecticut law, the plaintiff bringing a malicious prosecution claim must prove "(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." <u>McHale v. W.B.S. v.Corp.</u>, 187 Conn. 444, 447 (1982). Ordinarily, in the absence of exculpatory facts which became known after an arrest, probable cause to arrest is a complete defense to a claim of malicious prosecution. <u>See</u>, <u>e.g.</u>, <u>Johnson v. Ford</u>, 496 F. Supp.2d 209, 214 (D. Conn. 2007) ("Because the court has determined that the Defendants had probable cause for the arrest that initiated the prosecution of the plaintiff, his malicious prosecution claim fails as a matter of law.") Judge Underhill's finding that probable cause existed as to the larceny charge involving the meat grinder therefore defeats the malicious prosecution claim as to that charge.

As D'Angelo argues, however, it is also the case that a finding of probable cause to arrest as to one charge does not necessarily defeat a claim of malicious prosecution as to other criminal charges that were resolved in the plaintiff's favor. <u>See</u> <u>Janetka v. Dabe</u>, 892 F.2d 187, 190 (2d Cir. 1989) (claim of malicious prosecution on charge of resisting arrest, of which plaintiff was acquitted, was not barred by his conviction for disorderly conduct). Thus, in the absence of a finding of probable cause to arrest D'Angelo as to the other larceny count and the two bribery counts, the grant of summary judgment as to his malicious prosecution claim on these three counts was not proper.

The defendants concede that D'Angelo is correct in this regard, but they argue that the record is sufficient for this Court to find that probable cause to initiate and continue prosecution existed as to all four counts against D'Angelo. We believe, however, that the best course is clearly a remand to the district court for further consideration as to whether probable cause to whether probable cause to initiate and continue prosecution existed as to the remaining larceny count and the two bribery counts.[1]

For the reasons stated above, the judgment of conviction and sentence imposed by the district court is hereby AFFIRMED IN PART and VACATED AND REMANDED IN PART.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____

---

[1] D'Angelo refers to his "state and federal claims for malicious prosecution." The malicious prosecution claim, however, appears to be stated only as a state law claim. Upon remand, therefore, it is possible that Judge Underhill may simply dismiss the malicious prosecution claim without prejudice as he did with D'Angelo's other state law claims. We intimate no view as to the appropriate disposition of this claim.

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _____
DEPUTY CLERK